**In re Dorothy C. HARDY, Debtor.**

**Bankruptcy No. 1–83–02246.**

United States Bankruptcy Court, S.D. Ohio, W.D.

April 22, 1983.

Robert J. Harris, Cincinnati, Ohio, for debtor/appellant.

David S. Levine, Cincinnati, Ohio, for creditor/Cinco Federal Credit Union.

William R. Schumacher, Cincinnati, Ohio, trustee.

### DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

In this Chapter 13 case, creditor Cinco Federal Credit Union objected to confirmation of debtor's proposed plan. We sustained the objection on grounds that the plan did not meet the tests required by 11 U.S.C. § 1325(a)(4). That is, we found that the value of property to be distributed under the plan is less than would be paid to creditors upon a liquidation of debtor's assets presently. The order sustaining the objection was granted in open court at the confirmation hearing. We subsequently embodied our order in a written order at the request of counsel for debtor. Debtor took an appeal from that order which is now pending in the District Court.

Creditor then filed a motion in this court entitled Motion to Terminate or Modify Stay During Appeal. The relief sought in that motion is that the automatic stay of 11 U.S.C. § 362 be lifted, or in the alternative that debtor make monthly payments to the Chapter 13 trustee, there to be held in escrow pending the outcome of the appeal, and that debtor post a supersedeas bond in the amount of $19,989.26. Debtor filed a memorandum in opposition stating that beginning with the confirmation hearing and monthly thereafter, debtor has paid the sum of $300.00 to him which he is holding in trust pending further instructions from this court. At the hearing on this matter we raised the question of whether we had jurisdiction to grant creditor the relief it sought in view of the pendancy of the appeal.

It is the position of creditor in arguing that we do have jurisdiction to grant the relief sought, that the appeal taken is entirely interlocutory in nature. There has been no dismissal of the case ordered, says creditor, and therefore jurisdiction remains in this court "over all matters related to this Court other than the rejected plan." Creditor calls our attention to *Maiorino v. Branford Savings Bank,* 691 F.2d 89, 7 C.B. C.2d 524 (2nd Cir.1982). Debtor, to the contrary argues that the relief sought by creditor must be addressed to the District Court rather than the Bankruptcy Court.

The *Maiorino* case, supra, does indeed hold that an order denying confirmation of a Chapter 13 plan in circumstances

like those before us is an interlocutory order. This proposition seems to us entirely valid and we accept it. A finding that our prior order is interlocutory only does not resolve the present issue, but we must look further. The rule is well established that the taking of an appeal transfers jurisdiction from the bankruptcy court to the appellate court with regard to any matters involved in the appeal and divests the bankruptcy court of jurisdiction to proceed further with such matters. *In re Bialac* 15 B.R. 901, 903 (Bkrtcy. 9th Cir.1981); *In re Butcher Boy Meat Market, Inc.,* 10 B.R. 258, 259 (Bkrtcy.E.D.Penn.1981). In a discussion about this area of the law, the 9th Circuit *In Matter of Combined Metals Reduction* *Co.,* 3 BCD 553, 566–7 (9th Cir.1977), reached the conclusion that it was error for the trial court to enter an order modifying the order which was on appeal; that is, the appeal order must stand as it was when the notice of appeal was filed. The court in the course of its discussion quoted from 9 Moore's Federal Practice 2nd ed. pp. 734–736, that after a notice of appeal is timely filed, the trial court has no power to vacate the Judgment, to grant a motion to dismiss the action without prejudice, or to allow the filing of amended or supplemental pleadings.

From the foregoing review of the authorities, it is clear that we must decide whether the relief now sought by creditor involves a matter specifically involved in the appeal. If it is, creditor must look to the District Court, the appellate tribunal, for such relief. If it is not, it is within our power to deal with it. We conclude that we do have the power to deal with the matter raised by the creditor, because it does not affect the question which is presented to the appellate court, providing, of course, that any relief which we may grant does not impinge upon that question.

There are competing considerations involved in creditor's present motion. From debtor's point of view, she has a right to pursue an appeal from our order denying confirmation, and may do so without the attachment of conditions which would have the practical effect of denying her that right. Creditor, on the other hand, has a right to reasonable protection against being put in a worse position because of the time required to exhaust appellate remedies in this case than if it had lost on its objection.

It would not be just for us to grant the alternative relief sought by creditor by way of modification of the stay so that it could foreclose upon its collateral, for this would effectively deprive debtor of the right to an appeal. It is our conclusion that the undertaking by counsel for debtor to receive a payment of $300.00 per month from debtor and hold the same in trust subject to the further order of this court upon the outcome of the appeal, affords reasonable justice to both parties. If debtor is successful in securing a reversal of our prior order or otherwise secures confirmation of a plan, the fund being accumulated by counsel will be paid to the Chapter 13 Trustee for the benefit of creditors. If, on the other hand, our order sustaining the objection to confirmation is affirmed and an amended plan is not presented, we can order an equitable distribution of the proceeds being held in trust by debtor's counsel.

Accordingly, it is made the ORDER of this court that debtor shall, from the date of the hearing on confirmation and monthly thereafter, pay $300.00 to her attorney who shall hold such funds in trust pending further order of this court. Said attorney shall inform the court and counsel for creditor in the event that any monthly payment is not promptly received by him from debtor.

SO ORDERED.