**In re Cecil P. MADILL and Linda P. Madill, Debtors.**

**No. CV–85–171–BLG.**

United States District Court,
D. Montana,
Billings Division.

July 16, 1986.

Jerrold L. Nye, Billings, Mont., for debtors.

Sidney R. Thomas, Billings, Mont., for trustee.

## OPINION and ORDER

JAMES F. BATTIN, Chief Judge.

Debtors, Cecil P. Madill and Linda P. Madill, filed for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301–1330. Debtors appeal two separate orders of the United States Bankruptcy Court for the District of Montana: (1) an order rejecting debtors' third revised chapter 13 plan because the plan did not properly provide for creditors, First Interstate Bank and Norwest Bank; and (2) an order granting First Interstate Bank relief from the automatic stay provisions, 11 U.S.C. § 362.

### I. *Procedural Background*

The bankruptcy court rejected debtors' third revised chapter 13 plan (the plan) in an order filed April 8, 1985. The court rejected the plan because it did not treat secured creditor, First Interstate Bank, equally with other secured creditors in its particular class, as required by 11 U.S.C. § 1322(a)(3), and because the plan did not sufficiently provide for payment of the debt owed unsecured creditor, Norwest Bank, as required by 11 U.S.C. § 1325(a)(4).

Debtors filed an amended notice of appeal of this order on April 24, 1985, the original notice of appeal having been filed

April 11, 1985. Also on April 11, debtors filed a motion for stay pending appeal, which was denied by the bankruptcy court on April 16, 1985 because the motion was unaccompanied by a brief or an affidavit in support of the motion. Debtors have failed to obtain a stay of the April 8 order pending appeal.

Before the bankruptcy court issued its order rejecting debtors' plan, First Interstate Bank had filed, on December 12, 1984, a motion for relief from the automatic stay on a luxury sports car and speed boat, the property securing its debt. The motion remained pending before the bankruptcy court after issuance of the April 8 order. The court granted First Interstate's motion for relief from the automatic stay on May 20, 1985. Debtors timely appealed the order on May 24, 1985. First Interstate, on May 30, 1985, filed in the bankruptcy court a motion to strike the May 24 notice of appeal.[1]

This court separately heard oral, argument with respect to the appeal of each order. It now addresses the merits of the appeal of each order in turn:

## II. *April 8 Order Rejecting the Plan*

Debtors contend the bankruptcy court erred: (1) in classifying Norwest Bank as an unsecured creditor; and (2) in finding the plan treated First Interstate differently than other secured creditors.

### A. *Jurisdiction*

■ Since debtors, after rejection of the plan, could have proposed yet another plan, the April 8 order is not a final order. The appeal of the April 8 order is an interlocutory appeal. An appeal to a federal district court may be taken from an interlocutory order by leave of the district court. *See* Bankruptcy Rule 8001(a), (b); 28 U.S.C. § 1334. *Cf. Matter of Int'l Horizons, Inc.,* 689 F.2d 996, 1000 (11th Cir.1982) (discussing 28 U.S.C. § 1334 prior to its 1984 amendment). Debtors did not file a motion for leave to appeal the April 8 order with

this court. Nevertheless, this court will treat the notice of appeal filed by debtors as a motion for leave to appeal. Bankruptcy Rule 8003(c); *In re Leonetti,* 28 B.R. 1003, 1008 (E.D.Pa.1983).

■ It is appropriate to grant leave to appeal when there is presented a controlling question of law and when the appeal is in the interest of judicial economy. *In re Den-Col Cartage and Distribution, Inc.,* 20 B.R. 645, 647 (D.Colo.1982); *Leonetti,* 28 B.R. at 1008. The appeal of the April 8 order involves a controlling question of law as to whether a creditor holding an undersecured trust indenture is an unsecured creditor. Were the appeal to be dismissed the bankruptcy court would likely rule on the pending motion to dismiss the chapter 13 bankruptcy, and the debtors could then appeal these same issues. Hearing the appeal now saves the court and the parties unnecessary effort. This court accepts the appeal of the April 8 order.

### B. *Status of Norwest Bank*

The bankruptcy court held that Norwest Bank was an unsecured creditor with respect to what has been labelled Rental Property No. 3. The court predicated its holding on *Avco Financial Services v. Christiaens,* 201 Mont. 117, 652 P.2d 220 (1982). Debtors argue that because Mont. Code Ann. § 71-1-317 prohibits a deficiency judgment on the foreclosure of a trust indenture, and because 11 U.S.C. § 1325(a)(5)(C) requires confirmation of a plan if the debtor surrenders the property to the secured creditor, any debt owed Norwest Bank was extinguished when debtors surrendered Rental Property No. 3 to First Citizens Bank.

First Citizens Bank held the first trust indenture on Rental Property No. 3; Norwest Bank held the second trust indenture. Debtors surrendered the property to First Citizens Bank, and the bank scheduled a foreclosure sale for July 9, 1985. Norwest

---

**1.** Although counsel improperly filed the motion to strike the appeal of the May 20 order in bankruptcy court, counsel requested a hearing and argued the motion before this court. This court decides the motion to strike, as well as the appeal of the two orders.

Bank did not institute foreclosure proceedings on Rental Property No. 3; nor did it bid on the property at the foreclosure sale.

This court reviews *de novo* bankruptcy court rulings concerning questions of law. *See Matter of Pizza of Hawaii*, 761 F.2d 1374, 1377 (9th Cir.1985). *Avco Financial* clearly holds that the only secured party unable to receive a deficiency judgment upon the sale of the property secured under a trust indenture is the party which foreclosed on the property. If the secured party does not foreclose on the trust indenture, as Norwest did not in the instant case, the party becomes an unsecured party able to obtain the debt owed them through other judicial proceedings available to unsecured parties. 652 P.2d at 222–23. Thus, the bankruptcy court properly classified Norwest as an unsecured party, and rejected the plan for failure to provide for all unsecured creditors. 11 U.S.C. §§ 1322(a), 1325.

C. *Provision for First Interstate Bank*

Debtors argue that the bankruptcy court misinterpreted the plan—that the plan did not treat all secured parties in the same manner. The bankruptcy court found that the plan did not provide for full monthly payments to First Interstate, but only provided for payments in the amount of $120 per month, the amount specified by the bankruptcy court to protect First Interstate's security. This court reviews a bankruptcy court's rejection or confirmation of a plan for an abuse of discretion. Bankruptcy Rule 8013; *Pizza of Hawaii*, 761 F.2d at 1382.

The Plan provides under "Secured Debts to be Paid Under Plan—Debt to First Interstate Bank":

There is a debt of $15,045.00 in default to First Interstate Bank. The Debtors are paying $120.00 per month on this debt per order of the Bankruptcy Court with payments beginning January 1985. The debt is secured by an automobile and a boat which the creditor states are worth $14,000.00.

In contrast, correct monthly payment sums are listed with respect to each of the other secured properties. The plan further provides:

Debtors shall pay outside the Plan to the secured creditors listed in this section the regular monthly payments due under their credit agreements beginning with the monthly payment due January 25, 1985.

In light of the language of the plan, proposed by debtors, the bankruptcy court did not abuse its discretion in rejecting the plan.

III. *May 20 Order Lifting Automatic Stay*

Debtors contend: (1) subsequent to the appeal of the April 8 order rejecting the plan, the bankruptcy court lost jurisdiction to issue the May 20 order lifting the automatic stay; and (2) the bankruptcy court issued the May 20 order without "motion, notice, opportunity of the Debtor's [sic] to respond, or hearing." It should be noted at the outset that the bankruptcy court's order lifting the automatic stay is a final appealable order. *In re Taddeo*, 685 F.2d 24, 26 n. 4 (2d Cir.1982).

A. *Motion to Strike*

First Interstate filed a motion to strike debtors' appeal of the May 20 order. In its brief in support of its motion to strike, First Interstate thoroughly addressed the merits of debtors' appeal. Debtors' brief in response did likewise. Because counsel in briefs and during oral argument apprised this court of arguments addressing the merits of debtors' appeal, this court decides the appeal of the May 20 order on its merits. *See Sanitation Recycling, Inc. v. Jay Peak Lodging Ass'n*, 428 F.Supp. 1022, 1023 (D.Vt.1977).

B. *Jurisdiction—"Aspects Involved in Prior Appeal"*

As a general rule:

[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simulta-

neously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*

*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) (emphasis added). *E.g., Matter of Thorp,* 655 F.2d 997, 998 (9th Cir.1981). This rule applies with equal force to appeals to a federal district court. *In re Hardy,* 30 B.R. 109 (Bankr.S.D. Ohio 1983), *aff'd,* 755 F.2d 75 (6th Cir.1985).

First Interstate argues that the bankruptcy court retained jurisdiction because the May 20 order did not involve any aspect of the case involved in the appeal of the April 8 order. Specifically, it urges that the collateral released from the automatic stay is not necessary to an effective chapter 13 plan, and, thus, the May 20 order did not affect aspects involved in the appeal of the April 8 order.

To discern whether the May 20 order affects aspects on appeal of the April 8 order, this court looks to the bankruptcy court's holding in light of the Code. The Bankruptcy Code permits lifting of the automatic stay under two conditions:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) ... if ... the debtor does not have an equity interest in [the] property; and ... [the] property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). The bankruptcy court held: "the First Interstate Bank is undersecured on its debt and by reason of the rejection of the Chapter 13 Plan the creditor is entitled to pursue legal proceedings against the collateral to pay its secured debt." The court did not lift the stay because the property was not necessary to reorganization. To the contrary, the appeal of the court's order rejecting the plan directly involves the collateral released from the automatic stay.

The facts and issues presented in the instant case are similar to those in *In re Hardy,* 30 B.R. 109 (Bankr.S.D. Ohio 1983), *aff'd,* 755 F.2d 75 (6th Cir.1985). In *Hardy,* debtors appealed the bankruptcy court's order rejecting the proposed chapter 13 plan. Thereafter, the creditor filed a motion for relief from the automatic stay provisions. The bankruptcy court concluded it retained jurisdiction only so long as any relief granted would not impinge on the appeal of the chapter 13 plan. The court held it could not lift the stay since to do so would in practical effect moot the appeal of the chapter 13 plan. It instead required debtor to pay an amount each month into a trust fund to protect the creditor. *Id.* at 111.

■ Like in *Hardy,* to allow the bankruptcy court to lift the automatic stay in the instant case, would in practical effect moot a substantial issue raised in the appeal of the April 8 order. Even under Bankruptcy Rule 8005, the bankruptcy court may only make those orders that "will protect the rights of all parties in interest." Lifting the automatic stay works to the substantial detriment of the debtors' rights to appeal the April 8 order. Because the collateral released from the automatic stay also is a subject of the appeal of the April 8 order, the bankruptcy court lacked jurisdiction to issue the May 20 order.

*C. Jurisdiction—Procedure for Proper Appeal*

■ First Interstate argues that the bankruptcy court retained jurisdiction to hear all matters with respect to debtors' bankruptcy proceedings because debtors improperly appealed the April 8 order. The district court must first be able to exercise jurisdiction over the appeal before the bankruptcy court will be divested of its power to act. *Ruby v. Sec'y of United States Navy,* 365 F.2d 385, 388 (9th Cir. 1966) ("If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in

the district court; it cannot float in the air."), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967).

 First Interstate asserts that debtors should have obtained a stay pending appeal of the April 8 order.[2] Debtors timely filed their notice of appeal of the April 20 order, but did not move for a stay of the bankruptcy court judgment pending appeal. A stay of judgment is not a mandatory step in the appeals process. *See In re Citizens Mortgage Investment Trust,* 25 B.R. 1005, 1008–09 (D.Mass.1982) (interpreting repealed statutes addressing stay pending appeal). It is simply a useful tool for appellant to ensure maintenance of the status quo pending appeal.

Next, First Interstate contends that this court could not properly maintain jurisdiction of the appeal of the April 8 interlocutory order. As discussed *supra,* this court grants leave to appeal the April 8 order, and properly maintains jurisdiction to dispose of the appeal on its merits. Consequently, the bankruptcy court lost jurisdiction to rule on matters affecting the issues presented on appeal of the April 8 order.

### IV. *Conclusion*

The April 8 order correctly held that the chapter 13 plan failed to provide sufficient security to protect Norwest Bank or First Interstate Bank. This court affirms the April 8 order of the bankruptcy court.

Under neither argument made by First Interstate could the bankruptcy court retain jurisdiction to issue the May 20 order granting First Interstate a release from the automatic stay. Accordingly, the May 20 order should be vacated. *See Matter of Olson,* 22 B.R. 473, 477–78 (D.Neb.1982). This is not to say that the holding of the May 20 order was improper; only that at the time the release was granted, the bankruptcy court lacked jurisdiction to issue the order. At a proper time, i.e., after the

appeal of the April 8 order is decided, the bankruptcy court could order the automatic stay lifted.

The disposition of the jurisdictional issue renders it unnecessary to decide whether debtors received notice and opportunity to respond to the motion for release of the automatic stay.

IT IS ORDERED that (1) the April 8 order is affirmed; (2) First Interstate's motion to strike the appeal of the May 20 order is denied; and (3) the May 20 order is vacated.

---

**2.** First Interstate argues that because debtors did not obtain a stay of judgment pending appeal, First Interstate can proceed against the collateral released from the automatic stay. *See Markstein v. Massey Assoc., Ltd.,* 763 F.2d 1325, 1327 (11th Cir.1985) (citing *In re Royal Proper-*

*ties, Inc.,* 621 F.2d 984 (9th Cir.1980)). First Interstate took no action to proceed against the collateral released from the automatic stay, and since this court decides the appeal of the May 20 order on its merits, this contention is now moot.