In re Huey P. (Mio) GREY and Ann P. (Mio) Grey, formerly doing business as Grey's Swine Farm, Debtors.

**COATS STATE BANK,**
Plaintiff–Appellee,

v.

Huey P. (Mio) GREY, formerly doing business as Grey's Swine Farm, Defendant–Appellant,

and

Ann P. (Mio) Grey, Defendant.

Nos. 89–3201, 89–3202.

United States Court of Appeals, Tenth Circuit.

April 26, 1990.

Dan E. Turner and Phillip L. Turner, Topeka, Kan., for defendant-appellant.

Ann L. Baker, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for plaintiff-appellee.

Before McKAY and BARRETT, Circuit Judges, and KANE, District Judge.*

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Coats State Bank (Bank) commenced this adversary proceeding under 11 U.S.C. § 523(a)(6) and (c), challenging the dischargeability of debtor's loan obligation to the Bank. The Bank alleged debtor willfully and maliciously sold the collateral securing debtor's loans with the Bank in disregard of the Bank's security interest. The bankruptcy court, on September 4, 1986, determined debtor's obligation to the Bank was exempt from discharge in the amount of approximately $71,000. Debtor appealed to the district court, asserting four claims of error: 1) the bankruptcy court erred in admitting the security agreement into evidence; 2) the security agreement did not include after-acquired property; 3) the bankruptcy court improperly determined the amount of damages; and 4) the bankruptcy court erred in determining debtor willfully and maliciously disposed of the collateral, as required under § 523(a)(6). On March 17, 1988, the district court affirmed the bankruptcy court's decision as to the first three assertions of error, but remanded the action for additional findings on the issue of whether there was a willful and malicious injury to the Bank justifying nondischargeability.

On remand, the bankruptcy court made additional findings and concluded debtor's sale of the collateral resulted in a willful and malicious injury to the Bank's secured interest. The district court, on August 21, 1989, affirmed the bankruptcy court's determination.

Debtor appeals from both the district court's March 17, 1988, order and the August 21, 1989, order. As grounds for error, debtor asserts: 1) the security agreement did not include after-acquired property; 2) the bankruptcy court's determination of damages was erroneous; 3) the bankruptcy court erred in determining debtor's sale of collateral was malicious; and 4) the bankruptcy court erred in admitting the altered security agreement into evidence. This court will review the bankruptcy court's findings of fact under a clearly

---

* Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

erroneous standard. *In re Mullet*, 817 F.2d 677, 678 (10th Cir.1987). Legal determinations will be reviewed de novo. *Id.* at 679.

■ As an initial issue, the Bank asserts this court lacks jurisdiction to consider debtor's first three arguments because debtor did not file a notice of appeal as to these issues until after the district court's August 21, 1989, order, even though these issues were resolved by the district court in its March 17, 1988, order. An appellate court does not have jurisdiction to review as a final order a district court order remanding a bankruptcy action for "significant further proceedings." *In re Commercial Contractors, Inc.*, 771 F.2d 1373, 1375 (10th Cir.1985). Because the district court's March 17, 1988, order remanded this action to the bankruptcy court for additional findings of fact concerning the dispositive issue in this case, whether debtor's sale of collateral was willful and malicious, the district court's remand was for "significant further proceedings." Debtor, therefore, could not have appealed the March 17 affirmance until resolution of the issue of willfulness and maliciousness. Debtor's timely notice of appeal, filed after the district court's August 21, 1989, order, was sufficient to vest this court with appellate jurisdiction to consider all four of debtor's arguments asserted on appeal.

■ Debtor first argues that the security agreement did not include after-acquired property. The security agreement gave the Bank a security interest in all debtor's livestock, hog equipment, farm machinery, and farm equipment as listed, to be updated monthly, and "any and all increases, additions, accessions, substitutions and proceeds thereto and therefor." Even though a security agreement does not specifically use the phrase "after-acquired property," the security agreement will include after-acquired property if that is the intent of the parties. *See In re Gary & Connie Jones Drugs, Inc.*, 35 B.R. 608, 611–12 (Bankr.D.Kan.1983). The bankruptcy and district courts did not err in determining the language of the security agreement established the parties' intent to include after-acquired property.

Debtor asserts this determination is contrary to the Kansas Supreme Court's decision in *John Deere Co. v. Butler County Implement, Inc.*, 232 Kan. 273, 655 P.2d 124 (1982). In *John Deere*, the Kansas Supreme Court held a security agreement providing for a security interest in an inventory of readily identifiable farm equipment as of a date specific, as well as all new and used equipment expressly listed, and "any and all increases, additions, accessions, substitutions and proceeds thereto and therefor," did not include after-acquired property. *Id.* at 129. The security agreement at issue in the instant appeals provided for a security interest in plaintiff's inventory of hogs, not limited to a date specific, but to be updated monthly. The fact that this security agreement provided a secured interest in property which by its very nature rotated constantly and accordingly required a monthly update of the inventory of hogs, as well as the fact that the Bank relied upon this security agreement, executed February 6, 1978, to loan money to plaintiff over three years later, in July, September, and November, 1981, establishes the parties' intent to include after-acquired property in the security agreement and, therefore, distinguishes this security agreement from the agreement considered by the Kansas Supreme Court in *John Deere*.

■ Addressing the third argument next, debtor asserts that his sale of collateral was not malicious. Under § 523(a)(6), maliciousness is established if the debtor possesses actual knowledge, or it is reasonably foreseeable, that his conduct will result in injury to the creditor. *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989). The bankruptcy court's factual findings support the determination that debtor's sale of collateral was willful and malicious. *See id.*

■ Debtor's fourth argument is that the bankruptcy court erred in admitting the security agreement into evidence because it contained written alterations. Fed.R.Evid. 901 requires the identification or authentication of a document before it may be

admitted into evidence. A proponent of the evidence will sufficiently identify or authenticate a document by presenting evidence that the proffered document is what its proponent claims it is. *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1332 (10th Cir.1984). Evidentiary determinations are left to the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *See United States v. Reyes*, 798 F.2d 380, 383 (10th Cir.1986).

■ In admitting the security agreement into evidence, the bankruptcy court determined that the alterations had been sufficiently explained to allow the original agreement into evidence. Debtor challenges this determination on appeal, but failed to designate a complete transcript of the trial as part of the record on appeal. Debtor, therefore, has failed to meet his burden of establishing error. *See Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir.1990).

■ Similarly, debtor's second argument challenges the bankruptcy court's factual determination of damages as unduly speculative. Because of the lack of a complete transcript in the record on appeal, debtor has also failed to meet his burden of establishing that the award of damages was erroneous. *See id.*

The March 17, 1988, and August 21, 1989, orders of the United States District Court for the District of Kansas are AFFIRMED. Debtor's motion for attorney's fees is DENIED.