908 F.2d 643
 Bankr. L. Rep. P 73,532
In re Eugene Victor SIMONS and Jewell W. Simons, also known
as Julie, Debtors.
Eugene Victor SIMONS; Jewell W. Simons, also known as
Julie, Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.
 No. 89-8027.
 United States Court of Appeals,
Tenth Circuit.
 July 12, 1990.
 
 Stephen R. Winship, Donald R. Winship & Associates, P.C., Casper, Wyo., for appellants.
 Jeanne R. Lee, Federal Deposit Ins. Corp., Denver, Colo., for appellee.
 Before ANDERSON, BARRETT, and BALDOCK, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Debtors appeal from an order of the district court affirming the bankruptcy court's denial of confirmation of their proposed Chapter 13 reorganization plan. We do not reach the arguments advanced by the parties on the merits, however, because we hold we lack jurisdiction over this appeal. See generally In re Durability, Inc., 893 F.2d 264, 265 (10th Cir.1990) (bankruptcy decision recognizing and following general principle that appellate court must determine matter of its own jurisdiction whenever it becomes apparent that jurisdiction may be lacking).
 
 
 3
 In a bankruptcy case, the provisions of 28 U.S.C. Sec. 158(d) "limit the jurisdiction of the courts of appeals to reviewing final orders from the district court." Id. at 265 (quoting In re Commercial Contractors, Inc., 771 F.2d 1373, 1374 (10th Cir.1985)); see also In re Magic Circle Energy Corp., 889 F.2d 950, 953 (10th Cir.1989) (Tenth Circuit has interpreted "final order" requirement of section 158(d) in traditional finality terms). Since the district court order appealed herein simply affirmed the bankruptcy court's decision, we have jurisdiction only if the latter may be deemed final for purposes of section 158(d). See In re International Horizons, Inc., 689 F.2d 996, 1000 (11th Cir.1982); see, e.g., In re Cash Currency Exch., Inc., 762 F.2d 542, 545-46 (7th Cir.1985); see also In re Durability, 893 F.2d at 266 (while nonfinal bankruptcy court order may properly be subject of interlocutory appeal to district court pursuant to section 158(a), where district court's subsequent appellate ruling does not alter nonfinal character of disposition, court of appeals lacks jurisdiction to review matter under section 158(d)).
 
 
 4
 A number of courts have indicated that where the bankruptcy court denies or withholds confirmation of a proposed Chapter 13 plan without also dismissing the underlying petition or proceeding, its decision is not final for purposes of appeal. See, e.g., Maiorino v. Branford Sav. Bank, 691 F.2d 89, 90-91 (2d Cir.1982); In re Madill, 65 B.R. 729, 731 (D.Mont.1986); In re Hardy, 30 B.R. 109, 111 (Bkrtcy.S.D.Ohio 1983); cf. In re Chinichian, 784 F.2d 1440, 1442, 1444 (9th Cir.1986) (order only partially confirming Chapter 13 plan nonfinal and, therefore, appeal therefrom did not divest bankruptcy court of jurisdiction to revoke same). But see In re Blankemeyer, 861 F.2d 192, 193 (8th Cir.1988) (district court order affirming bankruptcy court's rejection of Chapter 11 plan characterized as a "final judgment," without further discussion of jurisdictional issue); In re Hardy, 755 F.2d 75, 76 (6th Cir.1985) (appeal from rejection of Chapter 13 plan heard by court of appeals with no acknowledgment of jurisdictional problem recognized in related opinion issued by bankruptcy court in same case, In re Hardy, 30 B.R. 109). This approach is entirely consistent with two general principles regarding finality well-settled in this circuit, i.e., (1) an order is not final unless it ends the litigation on the merits, leaving nothing for the court to do but execute the judgment, see In re Magic Circle Energy Corp., 889 F.2d at 953, and (2) a district court order is not final if it contemplates significant further proceedings in the bankruptcy court, see In re Commercial Contractors, Inc., 771 F.2d at 1375. As the Maiorino court recognized, so long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another plan for the bankruptcy court to review for confirmation, id. at 91, a prospect which negates any determination of finality under both principles cited above. See also In re Delta Serv. Indus., 782 F.2d 1267, 1270-71 (5th Cir.1986) (citing Maiorino as example of general principle that "bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets [are] interlocutory and not appealable"); In re Leibinger-Roberts, Inc., 92 B.R. 570, 572-73 (E.D.N.Y.1988) (same).
 
 
 5
 Accordingly, we hold that the lower courts' denial of confirmation of debtors' proposed reorganization plan is not final for purposes of appeal under section 158(d). Nor is such a disposition appealable under the collateral order exception to the final judgment rule, established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). "To qualify for this limited exception, the order appealed from must conclusively determine the disputed question ..., resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." In re Magic Circle Energy Corp., 889 F.2d at 954 (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). Moreover, "[b]ecause a party seeking to appeal on this basis must show that all three requirements of the doctrine are satisfied, we need not address each if one is not met." In re Magic Circle Energy Corp., 889 F.2d at 954. Here, the matter under review is not "completely separate" from the substance of the action, but clearly integral to it. See generally 11 U.S.C. Secs. 1321-1330. Furthermore, the rejection of debtors' proposed plan may yet be considered on appeal from a final judgment either confirming an alternative plan, see, e.g., Hanson v. First Bank of South Dakota, N.A., 828 F.2d 1310, 1311-12 (8th Cir.1987); In re Greseth, 78 B.R. 936, 938-39 (D.Minn.1987); cf. KCC-Leawood Corp. Mann I v. The Travelers Ins. Co., No. 89-0335-CV-W-1, 1989 U.S. Dist. LEXIS 10336 at 2, 7-8 (W.D.Mo. Aug. 29, 1989), or dismissing the underlying petition or proceeding, see, e.g., Hazel v. I.R.S., 95 B.R. 481, 482 (E.D.Mich.1988); In re McKinney, 84 B.R. 751, 752 (D.Kan.1988).
 
 
 6
 This appeal is DISMISSED.