**In re CASCADE ENERGY & METALS CORPORATION, Debtor.**

**CASCADE ENERGY & METALS CORPORATION, Plaintiff–Appellee,**

**Telegraph Gold Corporation, Telegraph Resources, Incorporated, Appellees,**

**v.**

**Jeffrey G. BANKS, Kenneth Caldwell, Coastal Computer Investments, Elmer J. Davis, Harmatz and Hodowski, a California partnership, David G. Henry, Roger A. Mann, H.E. Moses, Robert A. Nickerson, Peter P. Samarin, Herbert**

W. Stoltenberg, Edwin Stoltenberg, Chris Waugh, Samuel Harmatz, Bernard Hodowski, Mann Caldwell Partnership, a partnership, Delford R. Ashley, George Slater, Patricia Slater, Robert Doub, Sam Hambarian, Alyce Hambarian, Lionel Ascher, A.C. Nejedly, R.E. Donahey, Grace V. Duncan, Elliot Weinberg, and Patricia Stoltenberg, Defendants–Appellants.

No. 91–4083.

United States Court of Appeals,
Tenth Circuit.

Feb. 7, 1992.

Ronald W. Goss, Hacker, Matthews, P.S., Seattle, Wash. (Eric C. Olson, Gerald H. Suniville, & Susan Tumay, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, with him on the brief), for defendants-appellants.

Delano S. Findlay, Salt Lake City, Utah, for plaintiff-appellees.

Before TACHA, BALDOCK and EBEL, Circuit Judges.

BALDOCK, Circuit Judge.

In this appeal, we revisit this circuit's precedent concerning when an appeal will lie to this court, 28 U.S.C. § 158(d), from a district court's order deciding a bankruptcy appeal under 28 U.S.C. § 158(a). Postconfirmation Debtor–Appellee Cascade Energy & Metals Corporation commenced an adversary proceeding against Defendants–Appel-

lants, contesting the validity of a judgment lien claimed by Appellants against certain mine claims of Debtor.[1] After motions for summary judgment were filed, Debtor amended its complaint to include various contract and tort claims and added all parties claiming an interest in its mining claims, including its affiliates, Appellees Telegraph Gold Corporation and Telegraph Resources, Inc. These entities then filed crossclaims against Appellants, seeking damages on various contract and tort claims. Appellants counterclaimed.

The bankruptcy court granted summary judgment in favor of Debtor on the judgment lien issue. Appellants then moved for summary judgment against Debtor, Telegraph Gold and Telegraph Resources for lack of subject matter jurisdiction to adjudicate the remaining claims. The bankruptcy court held that it lacked post-confirmation jurisdiction because Debtor's remaining claims were not associated with the implementation and execution of Debtor's reorganization plan. *See* Defendants' Motion for Summary Judgment & Bankr. Ct. Order, Aplt.App. 136–53, 168–69. On appeal, the district court reversed and held that the bankruptcy court had postconfirmation jurisdiction over the adversary proceeding under 11 U.S.C. § 1142(b) and the terms of the reorganization plan. D.Ct. Memo. Decision & Order, Aplt.App. 328–336. The district court remanded the adversary proceeding to the bankruptcy court for resolution of Debtor's claims.

■■■ In this circuit, a district court order reversing and remanding a bankruptcy court's order dismissing an adversary proceeding for lack of subject matter jurisdiction is not a final order for purposes of § 158(d). When the district court rejects a challenge to bankruptcy court's exercise of jurisdiction, such a rejection is in the nature of a denial of a motion to dismiss and is not immediately reviewable under § 158(d). *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle)*, 889 F.2d 950, 954 (10th Cir.1989).

Significant further proceedings will be had in the bankruptcy court—the court must decide Debtor's claims in the first instance. *See State Bank v. Anderson (In re Bucyrus Grain Co.)*, 905 F.2d 1362, 1366 (10th Cir.1990) (only remands to perform straightforward tasks do not constitute "significant further proceedings"). "Appellants['] remedy is to challenge the bankruptcy court's exercise of jurisdiction by bringing an appeal from the final judgment ultimately rendered by that court." *In re Magic Circle*, 889 F.2d at 954.

In *Homa Ltd. v. Stone (In re Commercial Contractors)*, 771 F.2d 1373 (10th Cir. 1985), we rejected the approach to finality advanced by appellants: that finality should be judged by the terms of the bankruptcy order, regardless of whether the district court affirms or reverses that order. *Id.* at 1374–75. Rather, we adopted a rule that focuses on the district court's appellate resolution of the appeal; if the district court remands for significant further proceedings, its order is not final and appealable for purposes of § 158(d). *Id.* at 1375. This appears to be the majority rule. *In re Continental Airlines, Inc.*, 932 F.2d 282, 286 n.2 (3rd Cir.1991).

Appellants cite *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1395 n. 1 (10th Cir.1987) and *Eddleman v. United States Department of Labor*, 923 F.2d 782, 786–87 n. 7 (10th Cir. 1991), and suggest that our caselaw is inconsistent concerning finality in the § 158(d) sense. In *MBank*, the creditor argued that the district court order reversing the bankruptcy court's order allowing debtors to use cash collateral was not final. We said:

> If the bankruptcy court's order was final for purposes of MBank's appeal to the district court, the district court's order is final for purposes of appeal to this court. Moreover, given the nature of bankruptcy proceedings and the appellate rights arising therefrom, an order of a district court reversing a bankruptcy court order

---

1. Disputes continue between Cascade and its investors. *See Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557 (10th Cir.), *cert. denied,*

— U.S. —, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990).

is final unless the district court remands for "further significant proceedings."

*In re O'Connor,* 808 F.2d at 1395 n.1 (citing *In re Commercial Contractors,* 771 F.2d at 1395). We think that *In re O'Connor* is consistent with *In re Commercial Contractors* when one considers the facts. In *In re O'Connor,* the district court had reversed a bankruptcy court order granting debtors' use of cash collateral. 808 F.2d at 1395. After an evidentiary hearing, the bankruptcy court had made a factual finding that creditors were adequately protected. The district court reversed the final order of the bankruptcy court on a legal ground which foreclosed debtors' relief; thus, no significant further proceedings were required in the bankruptcy court. *Id.* Accordingly, we exercised jurisdiction.

■ Read out of context, it might appear that the first sentence of the above quote suggests that if the bankruptcy court's order is final, so too is that of the district court. *See* 1 Lawrence P. King, *Collier on Bankruptcy* ¶ 3.03 (1991) (so construing *In re O'Connor*). But the sentence was in response to the contention that the district court had passed on an "incidental matter" of the bankruptcy court and therefore the court of appeals lacked jurisdiction over the district court's order. *In re O'Connor,* 808 F.2d at 1395 n.1. Yet to the extent the bankruptcy court's order was final (not interlocutory) for purposes of appeal to the district court, the district court passed on a final order, and the district court's order was likewise final because it merely reversed the bankruptcy court without need for a remand to conduct significant further proceedings. *In re O'Connor* does not

support Appellants' claim that we have jurisdiction.

In *Eddleman,* we held that an order applying an automatic stay to a regulatory agency is a final order, like the grant or denial of an injunction, from which an appeal would lie to this court. *Id.,* 923 F.2d at 785–86. The district court had affirmed a bankruptcy court order enforcing the automatic stay against a regulatory agency. *Id.* at 783. The district court remanded the case for determination of damages for violation of the automatic stay by the regulatory agency. *Id.* In view of the exemption from the automatic stay for police or regulatory action, 11 U.S.C. § 362(b)(4); *Martin v. OSHRC,* 941 F.2d 1051, 1054 (10th Cir. 1991), we held that the district court's order was final and appealable despite the remand for damages. *Eddleman,* 923 F.2d at 790.

The *Eddleman* panel expressed concern that the circuit's long-held and traditional finality requirements in the bankruptcy context[2] could be interpreted to foreclose bankruptcy appeals in the absence of a final order terminating the entire bankruptcy case. *Id.* at 923 F.2d 786–87 n. 7. To the extent that this concern was not addressed fully in *In re Commercial Contractors,* 771 F.2d at 1375, it certainly was in *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.),* 893 F.2d 264, 265–66 (10th Cir.1990), which preceded *Eddleman.* In *In re Durability, Inc.,* we explained:

The courts have recognized, however, that the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceed-

---

2.  [T]wo general principles regarding finality [are] well-settled in this circuit, *i.e.,* (1) an order is not final unless it ends the litigation on the merits, leaving nothing for the court to do but execute the judgment, *see In re Magic Circle Energy Corp.,* 889 F.2d at 953, and (2) a district court order is not final if it contemplates significant further proceedings in the bankruptcy court, *see In re Commercial Contractors, Inc.,* 771 F.2d at 1375.

*Simons v. FDIC (In re Simons),* 908 F.2d 643, 644–45 (10th Cir.1990). For Tenth Circuit cases following these precepts, see also *Mountain America Credit Union v. Skinner (In re Skinner),*

917 F.2d 444, 446 (10th Cir.1990); *In re Atencio,* 913 F.2d 814, 816 (10th Cir.1990); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380, 386–87 (10th Cir.1990); *In re Bucyrus Grain Co.,* 905 F.2d at 1366; *Coats State Bank v. Grey (In re Grey),* 902 F.2d 1479, 1481 (10th Cir.1990); *Adelman v. Fourth Nat'l Bank & Trust Co., N.A. (In re Durability, Inc.),* 893 F.2d 264, 265 (10th Cir.1990); *In re Magic Circle,* 889 F.2d at 953; *In re Commercial Contractors,* 771 F.2d at 1375; *First Bank v. Albuquerque Nat'l Bank (In re Glover, Inc.),* 697 F.2d 907, 909–10 (10th Cir.1983).

ing or discrete controversy pursued within the broader framework cast by the petition.

*Id.,* 893 F.2d at 266.

 Nonetheless, the *Eddleman* panel criticized *"Magic Circle's* ostensible flat rejection of the flexible finality rule" as "somewhat misleading." *Eddleman,* 923 F.2d at 786 n.7. Taking a very literal view of *In re Magic Circle,* the panel declared that the court had not rejected the more flexible approach to finality in bankruptcy matters.

> It is clear that despite the "traditional" rule [concerning finality] announced in *Magic Circle,* this court has not completely rejected the flexible rule. Rather, we have placed limits on its application. We are flexible in allowing appeals of discrete disputes within a bankruptcy case. We demand, however, that each discrete dispute come to this court in a posture which satisfies "traditional" finality principles.

*Eddleman,* 923 F.2d at 787 n.7. The *Eddleman* panel did not, nor could it, overrule this circuit's rejection of a "flexible approach" to bankruptcy appeals which would allow appeals under § 158(d) "when the bankruptcy court has issued a final order, and the district court issues an order affirming or reversing." *See* 1 *Collier on Bankruptcy* ¶ 3.03 at 3–192. *See also United States v. Spedalieri,* 910 F.2d 707, 710 n.3 (10th Cir.1990) (a panel may not overrule circuit precedent). Rather, this circuit's approach, *supra* note 2, was adopted to avoid multiple appeals and delay by considering (1) the posture of an appellant's claim within a particular adversary proceeding or discrete unit, and (2) what further proceedings are envisioned by the district court's order. *See In re Magic*

*Circle,* 889 F.2d at 953. *Eddleman* cited several cases [3] that we declined to follow in *In re Magic Circle,* 889 F.2d at 950, and *In re Commercial Contractors,* 771 F.2d at 1375. But *Eddleman* did not adopt a flexible approach to finality which would enable us to consider this appeal.[4]

APPEAL DISMISSED.

---

**3.** *See Sun Valley Foods v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.),* 801 F.2d 186 (6th Cir.1986); *Martin Bros. Toolmakers, Inc. v. Industrial Dev. Bd. (In re Martin Bros. Toolmakers, Inc.,* 796 F.2d 1435 (11th Cir.1986); *Aetna Life Ins. Co. v. Leimer (In re Leimer),* 724 F.2d 744 (8th Cir.1984); *In re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983).

**4.** Appellants misfiled their notice of appeal in the bankruptcy court and Debtor argues that

this prevents our consideration of the appeal. The misfiled notice of appeal was filed timely and provided notice; thus, it is not a bar to our jurisdiction. *See* Fed.R.App.P. 4(a)(1) (procedure for misfiled notice of appeal in the court of appeals); *Smith v. Barry,* —— U.S. ——, ——, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992) (functional notice of appeal filed with an appellate court does not defeat jurisdiction).