**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY IVAN BEHRENDS,

    Debtor.

-----------------------------

JOLI A. LOFSTEDT, as Chapter 7 Trustee
for the bankruptcy estate of Larry Ivan
Behrends,

    Plaintiff - Appellee,

v.

VICKIE L. OLETSKI-BEHRENDS,

    Defendant - Appellant,

and

21ST CENTURY FINANCIAL
SERVICES, LLC,

    Defendant.

No. 15-1489
(D.C. No. 1:15-CV-01854-CMA)
(D. Colo.)

_____

**ORDER DISMISSING APPEAL**
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Appellant Vickie L. Oletski-Behrends seeks review of the district court's order

denying her motion to withdraw the reference of an adversary proceeding to the

bankruptcy court. Because the order appealed from is not a final order, we dismiss this appeal for lack of appellate jurisdiction.

The Debtor filed his Chapter 7 bankruptcy petition in July 2013. A year later, the Chapter 7 Trustee filed adversary proceeding No. 14-01377-SBB in the United States Bankruptcy Court for the District of Colorado. The adversary proceeding sought to recover certain real and personal property that allegedly should have been part of the Debtor's bankruptcy estate.

The parties then filed their "Joint 7026 Report" in the adversary proceeding. Aplt. App. at 159-62. In the Joint 7026 Report, they stated they "agreed that the bankruptcy court may enter final judgment with respect to the claims asserted in this matter." *Id.* at 159. The parties also filed an Amended Joint Pretrial Statement, which included in its "Stipulated and Uncontested Facts" section a statement that "[t]his Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b)." *Id.* at 204.

On July 28, 2015, however, Ms. Oletski-Behrends filed her Motion for Withdrawal of Reference. *See* 28 U.S.C. § 157(d) (permitting district court to withdraw reference to bankruptcy court upon timely motion of a party for cause shown). In the motion, she stated she "now expressly <u>does not consent</u> to a trial before the bankruptcy court." Aplt. App. at 5. Her motion was referred to the district court, *see* D. Colo. Local Rule 84.1(d)(4), (5), and was assigned Case No. 1:15-CV-01854-CMA in the District of Colorado.

2

The district court denied the motion to withdraw the reference, and dismissed No. 1:15-CV-01854-CMA. It found that the motion was untimely and that Ms. Oletski-Behrends had waived her right to withdraw the reference from the bankruptcy court. Ms. Oletski-Behrends now appeals.

Our jurisdiction extends only to review of "final decisions of the district courts of the United States. . . ." 28 U.S.C. § 1291. "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1156 (10th Cir. 2007) (internal quotation marks omitted). "[W]ithdrawal of reference . . . orders merely involve the selection or designation of the forum in which final decisions will be ultimately reached. They do not finally end the litigation." *Dalton v. United States (In re Dalton)*, 733 F.2d 710, 714 (10th Cir. 1984); *see also Matter of Lieb*, 915 F.2d 180, 184-85 (5th Cir. 1990) (stating court lacks jurisdiction over appeal from order refusing to withdraw reference to bankruptcy court); *cf. Loveridge v. Hall (In re Renewable Energy Dev. Corp.)*, 792 F.3d 1274, 1277 (10th Cir. 2015) (considering appeal from district court order assigning case to bankruptcy court where district court had certified its non-final decision for immediate appeal).

The order appealed from here, which only denied the motion to withdraw the reference of an adversary proceeding to the bankruptcy court, is an interlocutory, non-appealable order over which we lack appellate jurisdiction. *Dalton*, 733 F.2d at 715. The order was not certified for immediate appeal. Moreover, the fact that the district court opened a separate case to deal with the referred motion, and

3

entered an order that resulted in the termination of that district court case, *see* Aplt.

Br. at 5, does not mean that it entered a final order appealable to this court, *see, e.g.,*

*Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*,

956 F.2d 935, 937 (10th Cir. 1992) (holding district court order remanding adversary

proceeding to bankruptcy court for further proceedings, though it resolved issue

presented to district court, was not final order immediately appealable to court of

appeals).

    This appeal is dismissed for lack of appellate jurisdiction.

Entered for the Court


Timothy M. Tymkovich
Chief Judge
