FILED
United States Court of Appeals
Tenth Circuit

September 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  C.W. MINING COMPANY,

Debtor.

-----------------------------

RHINO ENERGY LLC; CASTLE
VALLEY MINING LLC,

Plaintiffs - Appellees,

v.

C.O.P. COAL DEVELOPMENT
COMPANY; ANR COMPANY, INC.,

Defendants - Appellants.

No. 15-4108
(D.C. No. 2:13-CV-00924-TC)
(D. Utah)

_____

**ORDER**
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Our jurisdiction to hear bankruptcy appeals is limited to appeals from final

decisions, judgments, orders, and decrees entered by the district court. 28 U.S.C.

§ 158(d)(1) (2012). A district court's order is not final if it remands to the bankruptcy

court for significant further proceedings. *Cascade Energy & Metals Corp. v. Banks*

*(In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 937 (10th Cir. 1992). We

must determine whether the district court's order reversing the bankruptcy court's

order is final. Because the district court remanded for significant further proceedings, we lack jurisdiction under 28 U.S.C. § 158(d)(1) and dismiss this appeal.[1]

## BACKGROUND

This case presents an appeal involving the bankruptcy estate of C.W. Mining Company, a former coal-mining operator in Utah. Rhino Energy LLC and Castle Valley Mining LLC (collectively referred to as Rhino) purchased certain assets from the bankruptcy estate, including leases with C.O.P. Coal Development Company and ANR Company, Inc. (collectively referred to as COP). After COP claimed that Rhino defaulted under those leases, Rhino filed an adversary proceeding in C.W. Mining Company's bankruptcy, seeking a declaratory judgment defining its obligations to COP.[2] In response, COP filed seven counterclaims against Rhino.[3] Though Rhino sought summary judgment on its claims, the bankruptcy court did not resolve any

---

[1] Although we lack jurisdiction over this appeal, "we have jurisdiction to determine our own jurisdiction." *Combs v. PriceWaterhouseCoopers LLP*, 382 F.3d 1196, 1204 (10th Cir. 2004).

[2] Rhino's amended adversary complaint asserted claims for: (1) declaratory judgment as to the royalties owed under the operating agreement with COP Coal Development Company; (2) declaratory judgment as to the royalties owed under the operating agreement with ANR Company, Inc.; (3) declaratory judgment as to an alleged default for changing the mining practices under the Resource Recovery and Protection Plan; (4) declaratory judgment as to notice of alleged default of the continuous operations clause and other miscellaneous alleged defaults; (5) issuance of an injunction against COP from issuing notice of termination or forfeiture; and (6) declaratory judgment against COP as to claims for damages based on the Resource Recovery and Protection Plan.

[3] COP asserted counterclaims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) conversion; (5) negligence; (6) trespass; and (7) intentional interference with economic relations.

2

claims on summary judgment. Instead, it dismissed four of Rhino's claims and all of COP's counterclaims for lack of jurisdiction. Specifically, the bankruptcy court dismissed claims three through six in Rhino's amended adversary complaint. The bankruptcy court did not dismiss Rhino's first and second claims, which sought a declaratory judgment regarding the amount of royalties owed to COP.

In reversing the bankruptcy court, the district court held that the bankruptcy court erred in concluding that it lacked jurisdiction to hear Rhino's claims and COP's counterclaims. Thus, the district court remanded this case to the bankruptcy court to consider Rhino's summary-judgment motion on the merits. Rather than accept the district court's remand to litigate in the bankruptcy court, COP filed this appeal, challenging the district court's ruling that the bankruptcy court has jurisdiction to resolve the issues before it. In response to COP's notice of appeal, Rhino filed a motion to dismiss for lack of jurisdiction, arguing that the district court's order is not final.

## DISCUSSION

Because the district court remanded for significant further proceedings, the district court's order is not a final appealable order under 28 U.S.C. § 158(d)(1). Also, the collateral-order doctrine does not apply because the district court's order is ultimately reviewable on appeal.

Our jurisdiction extends only to appeals from final orders of the district court. 28 U.S.C. § 158(d)(1). If the district court's order is not final, we must dismiss the appeal for lack of jurisdiction. *Strong v. W. United Life Assurance Co. (In re Tri-*

3

*Valley Distrib., Inc.)*, 533 F.3d 1209, 1214 (10th Cir. 2008). To determine whether an order is final, we must consider whether the district court remanded the case to the bankruptcy court for significant further proceedings. *State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co., Inc.)*, 905 F.2d 1362, 1365 (10th Cir. 1990). A district court remands for significant further proceedings when a bankruptcy court must decide claims in the first instance. *Cascade Energy & Metals Corp.,* 956 F.2d at 937.

Here, we do not have jurisdiction because the district court remanded for significant further proceedings. The bankruptcy court dismissed the claims and counterclaims in the adversary proceeding for lack of subject-matter jurisdiction without ruling on the merits of the claims. The district court reversed the bankruptcy court, concluding that the bankruptcy court had jurisdiction over Rhino's claims and COP's counterclaims. "[A] district court order reversing and remanding a bankruptcy court's order dismissing an adversary proceeding for lack of subject matter jurisdiction is not a final order for purposes of § 158(d)." *Id.* Instead, "[s]ignificant further proceedings will be had in the bankruptcy court [because] the court must decide [the] claims in the first instance." *Id.*; *see also In re Tri-Valley Distrib., Inc.*, 533 F.3d at 1214 (explaining that when a bankruptcy court dismisses for lack of jurisdiction, and the bankruptcy appellate panel reverses, the panel's order is not final because significant further proceedings will occur in the bankruptcy court).

The procedural posture of this case is similar to that in *Cascade Energy & Metals Corp.*, 956 F.2d at 937. There, the bankruptcy court granted summary

4

judgment to the debtor on a judgment-lien issue, but concluded that it lacked subject-matter jurisdiction over the remaining claims. *Id.* The district court determined that the bankruptcy court had jurisdiction over the claims and reversed the bankruptcy court's dismissal of the claims. *Id.* Like COP in this case, the defendant in *Cascade Energy & Metals Corp.* appealed the district court's order to this court. We dismissed the appeal and stated that the district court's reversal of the bankruptcy court's dismissal for lack of subject-matter jurisdiction was not a final appealable order under § 158(d). *Id.* at 937, 939.

As in *Cascade Energy & Metals Corp.*, COP and ANR appeal from a district court order reversing and remanding a bankruptcy court's order dismissing an adversary proceeding for lack of subject-matter jurisdiction. Like in *Cascade Energy & Metals Corp.*, significant further proceedings will occur in the bankruptcy court because it must decide claims in the first instance. Therefore, just as we held in *Cascade Energy & Metals Corp.*, the district court's order is not final, meaning we lack jurisdiction to consider this appeal.

Appellants also argue that we should exercise our discretion to hear this appeal under the collateral-order doctrine. But the collateral-order doctrine does not apply because the district court's order is ultimately reviewable on appeal. To qualify as a collateral order, "the order must conclusively determine the disputed question …, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Tri-Valley Distrib., Inc.*, 533 F.3d at 1215 (quoting *In re Magic Circle Energy Corp.*, 889 F.2d 950, 954 (10th

5

Cir. 1989)). We have explained that an "[a]ppellant[']s remedy is to challenge the bankruptcy court's exercise of jurisdiction by bringing an appeal from the final judgment ultimately rendered by that court." *Cascade Energy & Metals Corp.*, 956 F.2d at 937 (quoting *Magic Circle*, 889 F.2d at 954). Therefore, because the order is effectively reviewable on appeal, the collateral-order doctrine is inapplicable.

## CONCLUSION

Rhino's motion to dismiss for lack of jurisdiction is **GRANTED** and this appeal is **DISMISSED** for lack of appellate jurisdiction.

Entered for the Court

Gregory A. Phillips
Circuit Judge