GRIMES, Judge.
These appeals involve the propriety of an award of attorney’s fees under section 57.-105, Florida Statutes (1981).
Arthur Scott Everett was the owner and operator of an automobile which was involved in an intersection collision with a truck owned by American Glass Industries, Inc., and operated by its employee, Larry Frederick Cloud. Alan Everett, a minor who is Arthur Scott Everett’s brother, was a passenger in the Everett vehicle. Arthur Everett, the father of Alan and Arthur Scott Everett, brought suit on behalf of his two sons against American Glass, Cloud, and Zurich Insurance Company for personal injuries sustained in the accident. American Glass, Cloud, and Zurich answered and counterclaimed against Arthur Scott Everett (driver) and Arthur Everett (father) for contribution in the claim of Alan Everett (passenger). According to the counterclaim, since Arthur Everett (father) signed the consent form for obtaining his son’s (Arthur Scott Everett’s) driver’s license, both of them were subject to contribution for the claim of Alan Everett by reason of Arthur Scott Everett’s negligent driving.
' At the time of the accident, Allstate Insurance Company insured Arthur Everett under an automobile liability insurance policy. Arthur Scott Everett (driver) and Arthur Everett (father) called upon Allstate to defend the counterclaim for contribution. On November 5, 1981, Allstate’s attorney wrote to the Everetts’ attorney pointing out that the policy of insurance issued to Mr. Everett contained a family exclusion provision which had been specifically upheld under similar circumstances by the supreme court in Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla.1980). By letter dated November 12, 1981, the Everetts’ attorney acknowledged the existence of the foregoing decision but reiterated his demand that Allstate defend the counterclaim.
On January 15,1982, Allstate filed a petition for declaratory relief against American Glass, Cloud, Zurich, and the Everetts. In the petition Allstate alleged the existence of the negligence action by the Everetts, the counterclaim for contribution, the Allstate policy, and the fact that the Everetts had made demand for the defense of the counterclaim. Allstate asserted that there could be no coverage for the damages claimed in the counterclaim because of the family exclusion provision in the policy. Allstate requested the court to enter judgment that the policy did not provide coverage for the damages claimed in the counterclaim, and that Allstate had no obligation to defend the counterclaim on behalf of the Everetts.
In their answer to the petition for declaratory relief, the Everetts specifically denied Allstate’s assertion that the family exclusion provision of the policy precluded coverage for the damages claimed in the counterclaim. Zurich, American Glass, and Cloud filed an answer generally denying the allegations of the petition. Subsequent discovery determined that all of the Everetts were blood relatives and that at the time of the accident the two younger Everetts resided in the household of their father. Ultimately, Allstate obtained a summary judgment determining that because of the policy’s family exclusion provision, there was no liability coverage for the counterclaim against the Everetts. The court assessed $750 in attorney’s fees under section 57.105 against American Glass, Cloud, Zurich, and the Everetts. These appeals involve only the issue of attorney’s fees.
Essentially, appellants argue that their position in the suit for declaratory judgment was defensible. They cite Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), for the proposition that section 57.105 should be strictly construed. Insofar as the Everetts are concerned, we cannot accept this contention. The Everetts were well aware of the supreme court’s recent decision in Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co. This case was squarely on point and stood for the prinei- *674 pie that under the family exclusion provision Allstate had no obligation to the Ever-etts with respect to the counterclaim. Notwithstanding, the Everetts demanded that Allstate defend. While Allstate could have simply refused to take any action, in doing so it would have run the risk of being held liable in excess of its policy limits for the full amount of any judgment which might have been rendered had its position not ultimately been sustained. American Fidelity Fire Insurance Co. v. Johnson, 177 So.2d 679 (Fla. 1st DCA 1965), cert. denied, 183 So.2d 835 (Fla.1966). Faced with this dilemma, Allstate adopted the practice approved in Johnson of filing a petition for declaratory relief. When the Everetts denied the allegations of the petition, Allstate was required to expend the additional effort necessary to obtain a summary judgment on the issue. We think the court was warranted in concluding that the Everetts’ position was frivolous. See Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982), wherein the court held that attorney’s fees may be awarded under section 57.105 where the losing party has forced the plaintiff to resort to the courts even though there are no justiciable issues that can be raised in defense.
This reasoning is inapplicable to American Glass, Cloud, and Zurich. These parties did nothing to prompt Allstate to bring its suit. They neither joined Allstate as a defendant in their counterclaim nor demanded that Allstate defend. They were justified in imposing a general denial at a time when, unlike the Everetts, they did not necessarily know whether the younger Ev-eretts were living in their father’s household. It was not because of American Glass, Cloud, and Zurich that Allstate was required to expend attorney’s fees.
Allstate has also filed a motion for attorney’s fees under section 57.105 for defending these appeals. We deny this motion. Lest we appear to be inconsistent, we hasten to explain that while the issue below concerning coverage was not justiciable, the Everetts made a legitimate appellate argument that attorney’s fees should not have been awarded.
We affirm the judgment against Arthur Scott Everett and Arthur Everett but reverse the judgment for attorney’s fees with respect to American Glass Industries, Inc., Larry Frederick Cloud, and Zurich Insurance Company.
HOBSON, A.C.J., and SCHOONOVER, J., concur.