SHARP, Chief Judge.
Home Indemnity, Inc., appeals from a final judgment which awarded Floyd Beck Trucking, Inc. $2,500.00 for attorney fees pursuant to section 57.105, Florida Statutes (1987).[1] Home Indemnity argues that the attorney’s fee award was erroneous because even though a statute of limitations defense was apparent on the face of the complaint, its lawsuit was meritorious and not so devoid of merit as to be completely untenable. See Glover v. School Board of Hillsborough County, 462 So.2d 116 (Fla. 2d DCA 1985); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), rev. den., 392 So.2d 1373 (Fla.1980). We affirm.
There is more to this case than Home Indemnity’s argument admits. This is the third case filed against Floyd Beck for the same transaction — unpaid insurance premiums for coverages issued by Home Indemnity during 1973-1974. The first was filed in Dade County in 1975 and was dismissed in 1976 for failure to prosecute. The second was filed in 1979 in Hernando County, and was also dismissed for failure to prosecute in 1980. In the second suit, Floyd Beck raised the statute of limitations as an affirmative defense.
The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds that there was a com-píete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he has acted in good faith, based on the representations of his client.
*318 This third suit was filed in Hernando County in 1981, and the statute of limitations was again raised defensively. Home Indemnity sought to argue that the statute of limitations had been tolled by the prior litigation, but there is no legal support for this theory. See Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623, 624 (Fla. 2d DCA 1976); Barrentine v. Vulcan Materials Co., 216 So.2d 59 (Fla. 1st DCA 1968). The trial court dismissed the suit in 1982 with prejudice and reserved jurisdiction to award attorney’s fees.
Not until 1986 was the attorney’s fee matter heard by the trial court. Although given due notice, the attorney for Home Indemnity did not appear and, even though the hearing was reported, Home Indemnity did not opt to bring a transcript of the hearing to this court.
Based on the course of history of this lawsuit, with which we assume the trial judge was made conversant at the hearing, we agree with his finding that this third suit was filed at a time when no justiciable argument of law or fact could be made to defeat Floyd Beck’s statute of limitations defense. It was frivolous to assume that Floyd Beck, having once raised the statute of limitations defense, would neglect to do so in the third suit. As the court said in Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982), “[a] trial Court’s finding of a complete lack of justi-ciable issue is justified in cases where the attempt to create a controversy is frivolous.”
AFFIRMED.
COBB and COWART, JJ., concur.

. Section 57.105 states as follows: