534 So.2d 896 (1988)
Louis PIANCONE, Appellant,
v.
ENGINEERING DESIGN, INC., Appellee.
No. 87-1999.
District Court of Appeal of Florida, Fifth District.
December 8, 1988.
*897 S. Joseph Piazza of Bogin, Munns & Munns, Orlando, for appellant.
William W. Fernandez and Ciro A. Gonzalez, Jr., Orlando, for appellee.
DANIEL, Judge.
Louis Piancone appeals an order awarding attorney's fees to Engineering Design, Inc. pursuant to section 57.105, Florida Statutes (Supp. 1986). We reverse.
The record reflects that in October 1986, Louis Piancone filed suit against Engineering Design, Inc. and others for damages resulting from an allegedly defective roof on Piancone's building. In March 1987, Engineering Design filed its answer and raised several affirmative defenses, including the defense that the action was barred by the statute of limitations. Piancone pursued the action further. In April 1987, final summary judgment was entered in favor of Engineering Design on the ground of the expiration of the statute of limitations. Engineering Design moved for an award of attorney's fees under section 57.105. The trial court concluded that Piancone's initial action in filing suit against Engineering Design was not frivolous in that the defense of the statute of limitations is an affirmative one and, if Engineering Design had not raised this defense, then Piancone possibly could have recovered a valid judgment. However, the court went on to hold that, once Engineering Design raised the defense of the statute of limitations, then Piancone was required to immediately take a position and to act and when Piancone failed to do so, his lawsuit, at that point, was devoid of merit and amounted to a frivolous action. The court then granted Engineering Design's motion for attorney's fees and set a hearing to determine the amount of a reasonable fee for services rendered after raising the statute of limitations defense. The parties later stipulated to a reasonable fee of $2,000.
On appeal, Piancone argues that his claim against Engineering Design was not frivolous at its inception and therefore the trial court should not have assessed attorney's fees against him.
Section 57.105, Florida Statutes (Supp. 1986) provides as follows:
Attorney's fee.  The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he had acted in good faith, based on the representations of his client.
Awards of attorney's fees under this section have been narrowly applied to situations where there is a total or absolute lack of justiciable issues, this being tantamount to a finding that the action is frivolous. Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla. 1982); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla. 1980). Statutes authorizing an award of attorney's fees are in derogation of the common law and therefore must be strictly construed. Whitten, 410 So.2d at 505. For practical application, section 57.105 reads: Where a justiciable issue is raised by the complaint, attorney's fees may not be awarded under the statute.[1] *898 Here, the trial court determined that there was not a complete absence of a justiciable issue of either law or fact raised by Piancone's complaint. Therefore, attorney's fees should not have been awarded. Cf. Home Indemnity, Inc. v. Floyd Beck Trucking, Inc., 533 So.2d 317 (Fla. 5th DCA 1988) (award of attorney's fees under section 57.105 proper where plaintiff had filed two previous actions against the defendant, the defendant had raised the statute of limitations defense in the second suit and the third suit was filed at a time when no justiciable argument of law or fact could be made to defeat the statute of limitations defense).
Piancone also argues that the trial court erred in concluding that the successful imposition of the statute of limitations defense rendered his case untenable because the effect of an affirmative defense is to admit the plaintiff's claims and, therefore, the plaintiff cannot be subjected to an award of attorney's fees. Because of our conclusion above, we need not address this issue.
REVERSED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] § 57.105 was amended by Ch. 86-160, § 61, Laws of Florida, effective July 1, 1986. Previously the section provided:

The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
We recognize that under this prior section, there was conflicting authority on the question of awarding attorney's fees against a party for continuing to assert a claim which became spurious during the course of litigation even though it was nonfrivolous at its inception. See Wall v. Department of Transportation of State of Florida, 455 So.2d 1138, 1140 n. 1 (Fla. 2d DCA 1984); Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984); Keen v. Bernardo, 452 So.2d 1133 (Fla. 2d DCA 1984).