## PROCTOR v LEVAL DE LOIRE, INC.

Case No. 90-7282 - 12

Seventeenth Judicial Circuit, Broward County

January 31, 1991

### APPEARANCES OF COUNSEL

**Donald G. Proctor, Jr., Esquire,** for plaintiff.

**Harry Hipler, Esquire,** for defendant.

### OPINION OF THE COURT

JAMES M. REASBECK, Circuit Judge

*ORDER GRANTING REHEARING ON FEES AND COSTS*

THIS CAUSE came on to be heard on the Motion for Rehearing and for Attorneys Fees under F.S. § 57.105, and after considering the arguments of counsel, the Court file, and being otherwise advised in the premises, the Court finds and orders as follows:

1. That Plaintiff filed an action for declaratory relief in Case Number 89-1752 - CA, wherein the Honorable Jack Musselman granted a summary final judgment in favor of defendant. Judge Musselman ruled

that the term, "professional" as used in a lease between the above parties meant an attorney. Further, Plaintiff raised the matter that defendant unreasonably withheld its consent to allow Plaintiff to sublet the subject premises to someone other than an attorney, but Judge Musselman rejected Plaintiff's claims in the prior suit.

2. That Plaintiff in the above styled cause filed the instant action for declaratory relief, and claimed that after it informed defendant in writing of his intention of subleasing the premises to Amysis, Inc., the same firm as in the prior case, defendant refused to allow Plaintiff to sublet its premises to Amysis, Inc. Defendant claimed that Amysis, Inc., was not a "professional" within the meaning of the lease, therefore, withholding consent to sublease to Amysis, Inc., was proper based on the prior suit's ruling.

3. That Defendant filed an Answer and affirmative defenses, wherein it raised as an affirmative defense the doctrine of res judicata, among others, and claimed that all matters raised by Plaintiff in the instant suit were raised, or could have been raised, in the prior law suit, and that the prior Court ruling was res judicata to Plaintiff.

4. The facts raised in the instant cause are identical issues that were raised, or that could have been raised, in the prior action. The identity of the parties in the present and former action are the same. The relief Plaintiff sought in the above action is identical to the relief sought in the prior action. The contract at issue was construed in the prior action, and Plaintiff in the above action sought to reconstrue the same lease. The issue of notification and withholding of consent were raised in the prior suit, and again in the instant law suit. In sum, the issues raised in the instant law suit are identical to the ones raised herein.

5. No appeal was taken from the prior action.

6. That Plaintiff has sought to file a successive law suit raising the same issues and matters raised in the prior suit. The suit filed herein by Plaintiff was frivolous, and without any basis in law or fact. Plaintiff sought to create a controversy that was frivolous, and where none existed.

7. The prior law suit determined the rights and obligations of the parties as is evident and obvious from a reading of the order granting summary judgment entered in the prior suit.

8. There was a complete absence of a justiciable issue of either law or fact raised by Plaintiff's complaint, see *American Glass Industries v Allstate Insurance, et al.,* 441 So.2d 672 (Fla. 2d DCA 1983); *Home Indemnity, Inc. v Floyd Beck Trucking, Inc.,* 533 So.2d 317 (Fla. 5th

86

DCA 1988); therefore, this Court awards a reasonable attorney's fee and costs in favor of defendant's attorney, HARRY HIPLER, and against Plaintiff, DONALD G. PROCTOR, JR., PA., and DONALD G. PROCTOR, JR., individually, in accordance with F.S. § 57.105, for which this Court reserves jurisdiction for a future hearing to be set upon notice.

DONE and ORDERED, in chambers, in Fort Lauderdale, Broward County, Florida, this 31st day of January, 1991.