594 So.2d 850 (1992)
Michael J. SOLIMANDO, Sr., As Personal Representative of the Estate of Marion Solimando, Deceased, Petitioner,
v.
ALOHA MEDICAL CENTER and William J. Young, M.D., Respondents.
No. 91-03850.
District Court of Appeal of Florida, Second District.
February 28, 1992.
*851 Steven C. Ruth of L.D. Beltz & Associates, St. Petersburg, for petitioner.
William Duane Wood, III, Tampa, for respondents.
PER CURIAM.
Petitioner, the personal representative of the estate of Mrs. Solimando, seeks certiorari review of the circuit court's order granting attorneys' fees pursuant to section 57.105, Florida Statutes (1989).[1] We grant the petition.
This is the third time this case has been reviewed by this court. After remand of Solimando v. International Medical Centers, H.M.O., 544 So.2d 1031 (Fla. 2d DCA 1989) (Solimando I), respondents, Aloha Medical Center (Aloha) and Dr. Young, were voluntarily dismissed from petitioner's medical malpractice action. The respondents successfully moved for section 57.105 attorneys' fees. This court granted certiorari review and quashed the order granting fees. See Solimando v. Aloha Medical Center, 566 So.2d 580 (Fla. 2d DCA 1990) (Solimando II). After remand of Solimando II, respondents renewed their motion seeking section 57.105 attorneys' fees. The trial court again entered an order granting fees, this time making the requisite finding that the complaint was frivolous and the action was devoid of any justiciable issue of law or fact.
Respondents' motion alleged that the complaint was frivolous for petitioner's failure to comply with the presuit notice requirements of section 768.57, Florida Statutes (1985). In Solimando I, we held that the failure to comply with those requirements was subject to waiver and estoppel. In this case, petitioner had initially sent presuit notice by regular, instead of certified, mail. After the complaint was served but before the statute of limitations *852 expired, petitioner sent another presuit notice by certified mail. It is undisputed that the respondents did not act in any manner to waive or be estopped from raising failure to comply with presuit notice.
Once a complaint is filed alleging that the plaintiff has complied with presuit notice, the defendant may raise the plaintiff's failure to do so. The plaintiff can then avoid the defense by asserting waiver or estoppel. Thus, at the time of filing, it is unknown whether the defendant will take issue with the plaintiff's failure to comply with presuit notice. Cf. Piancone v. Engineering Design, Inc., 534 So.2d 896 (Fla. 5th DCA 1988) (statute of limitations is affirmative defense which can be waived after filing of complaint and therefore section 57.105 fees are inappropriate absent other circumstances).
In the complaint, petitioner alleged compliance with the presuit notice requirements. At that time, it was unknown whether the respondents would waive or be estopped from asserting failure to comply with presuit requirements. Thus, much like the inappropriateness of section 57.105 fees in a situation where the affirmative defense of the statute of limitations can be waived by a defendant, the granting of such fees based on the petitioner's failure to comply with presuit notice would have been inappropriate in this case.
The trial court, however, did not grant fees based on the presuit notice issue. Rather, the trial court awarded fees based on the complete absence of any justiciable issue of law or fact regarding petitioner's claim for medical negligence against respondents. The court found that petitioner presented absolutely no evidence to support a finding that the claim against respondents was not frivolous. Based on the record before us, we disagree.
Petitioner alleged in the complaint that a reasonable investigation had been conducted giving rise to a good faith belief that grounds existed for an action against respondents. Petitioner filed with the court the consulting physician's report which was prepared before any presuit notice was sent. The report found that in his opinion, the physicians and medical facility that provided medical treatment to Mrs. Solimando in the latter part of 1984 were negligent. The complaint alleged that Dr. Young and Aloha provided medical treatment during that time. It further alleged the symptoms displayed by Mrs. Solimando at that time which allegedly would have given rise to a diagnosis of bacterial endocarditis. According to the report, an earlier diagnosis of endocarditis could have rendered the emergency surgery causing Mrs. Solimando's death unnecessary.
Where a complaint states a cause of action for medical negligence and the plaintiff has conducted a good faith investigation before filing suit, section 57.105 fees are inappropriate. Even though events may develop during the course of a lawsuit indicating that the suit is frivolous, this does not give rise to an award of fees pursuant to section 57.105. Department of Health and Rehabilitative Services v. Thompson, 552 So.2d 318 (Fla. 2d DCA 1989). It is apparent that the judge had heard other evidence indicating that the respondents were not negligent. There is no such evidence in the record before us, nor was any identified by the court at the hearing. There is no indication in the record that any such evidence was discovered before petitioner filed the original or amended complaint.
Accordingly, we grant the petition for writ of certiorari and quash the order granting attorneys' fees.
SCHOONOVER, C.J., and RYDER and PATTERSON, JJ., concur.
NOTES
[1] Certiorari is the proper vehicle to review an order entered after a nonfinal, nonappealable voluntary dismissal. Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968); del Real v. Dawson, 320 So.2d 20 (Fla. 4th DCA 1975).