QUINCE, Judge.
Attorney John Shahan challenges a final judgment requiring him to personally pay part of the attorney’s fees awarded to Jay Listle and the City of Tarpon Springs (the City) pursuant to section 57.105, Florida Statutes (1995). We reverse because the complaint filed in the underlying action was not entirely devoid of merit.
Pursuant to section 163.3215, Florida Statutes (1995), Jeff and Laura Johnson (the Johnsons) filed a complaint with the City to challenge local ordinance 94-29. Section 163.3215 provides, in pertinent part:
*1091 As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of.... The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than SO days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of. (emphasis provided).
The Johnsons filed their unsworn complaint with the City on October 27, 1995, seeking to have the ordinance declared inconsistent with the City’s comprehensive plan. The City failed to respond within thirty days as required by the statute; consequently, the Johnsons sought administrative review from the Department of Community Affairs (the Department). On December 22,1995, following an investigation into the matter and a public hearing, the Department rendered a determination that the ordinance was inconsistent with the City’s comprehensive plan.
The Johnsons filed a pro se motion for temporary injunction in the circuit court on January 23, 1996, seeking to prevent land improvements, particularly construction on Jay Listle’s pool, pending the City’s response to the department’s ruling. The City moved to dismiss alleging, inter alia, that the John-sons failed to plead matters necessary for injunctive relief, and that they failed to establish a legal basis for challenging the validity of the City’s ordinance 94-29. Listle filed a motion for summary judgment and request for attorney’s fees pursuant to section 57.105.
After receiving the motion for summary judgment, the Johnsons retained John Sha-han’s law firm to represent them. Shahan filed a notice of appearance on February 20, 1996. On March 8, 1996, he filed a verified amended motion for temporary injunction, with a notice of hearing. At the hearing on March 11, 1996, the trial court refused to hear the Johnsons’ amended motion. Instead, the court granted Listle’s motion for summary judgment finding the Johnsons had failed to comply with the conditions precedent to the institution of their action. The City filed a motion to dismiss and request for attorney’s fees. After several hearings, the trial court awarded Listle and the City fees pursuant to section 57.105, and divided the payment between Shahan and the Johnsons.
When, as in this ease, a complaint raises justiciable issues but is ultimately defeated based on defects which are subject to waiver, an attorney’s fee award pursuant to section 57.105, Florida Statutes (1995), is improper. Piancone v. Engineering Design Inc., 534 So.2d 896 (Fla. 5th DCA 1988). In Piancone, summary judgment was entered in favor of the defendant based on the expiration of the statute of limitations. Id. at 897. The trial court found that although the limitations period had expired, the suit was not frivolous because the defendant may have waived the statute of limitations as a defense. The court reasoned that the plaintiff could have recovered a valid judgment if this defense had been waived. Id. at 897. Nevertheless, the trial court granted the motion for section 57.105 fees based on the' plaintiff’s failure to voluntarily dismiss the action after learning that the defendant would rely on the statute of limitations as a defense. The Fifth District reversed the fee award, and held that “[wjhere a justiciable issue is raised by the complaint, attorney’s fees may not be awarded under [section 57.105].” Id. at 897. The court reasoned that it was improper to award attorney’s fees under section 57.105 in light of the trial court’s determination that the complaint was not completely devoid of merit.
This court relied on similar reasoning to reverse a section 57.105 fee award in Solimando v. Aloha Medical Center, 594 So.2d 850 (Fla. 2d DCA 1992). The complaint in Solimando was dismissed based on the plaintiffs failure to comply with medical malpractice presuit notice requirements imposed by section 768.57, Florida Statutes (1985). Re *1092 lying on Piancone, we held that awarding attorney’s fees based on a plaintiffs failure to comply with presuit requirements was inappropriate because those requirements are subject to waiver and estoppel. Solimando, 594 So.2d at 852.
The facts presented in the instant ease are not distinguishable. The trial court determined that the Johnsons had standing to challenge the City’s ordinance pursuant to section 163.3215, Florida Statutes (1995); however, the court entered summary judgment against the Johnsons based on expiration of the limitations period. Moreover, the Department had previously entered a favorable ruling on behalf of the Johnsons. Therefore, their motion for temporary in-junctive relief was not without merit. Soli-mando and Piancone are controlling here and require reversal.
SCHOONOVER, A.C.J., and NORTHCUTT, J., concur.