**In re ALLEN–MAIN ASSOCIATES, LIMITED PARTNERSHIP, Alleged Debtor.**

**Bankruptcy No. 97–25098.**

United States District Court, D. Connecticut.

April 23, 1998.

---

Robert E. Grossman and Schuyler G. Carroll, Backenroth & Grossman, LLP, Hartford, CT, for CC Britain Equities, L.L.C.

Howard L. Siegel, Brown, Rudnick, Freed & Gesmer, Hartford, CT, for alleged debtor.

Honor S. Heath, Day, Berry & Howard, Hartford, CT, for petitioning creditor.

*MEMORANDUM AND ORDER ON "[ALLEN-MAIN ASSOCIATES, LIMITED PARTNERSHIP'S] MOTION FOR JUDGEMENT AGAINST PETITIONING CREDITOR FOR COSTS AND REASONABLE ATTORNEY'S FEES"*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

The matter before the court is the motion of Allen–Main Associates, Limited Partnership ("Allen–Main") for a judgment for costs and a reasonable attorney's fee, pursuant to Bankruptcy Code § 303(i)(1),[1] based on this court's March 2, 1998 dismissal ("the dismissal order"), after notice and a hearing, of an involuntary Chapter 7 petition brought against Allen–Main by C.C. Britain Equities, L.L.C. ("C.C. Britain"). Allen–Main seeks $15,192.63 as a reasonable attorney's fee and $1,166.46 for costs.

After an April 8, 1998 hearing on Allen–Main's motion, the parties submitted post-hearing briefs. C.C. Britain contends that the court lacks jurisdiction to rule on the motion because C.C. Britain has appealed the dismissal order. In the alternative, C.C. Britain argues that Allen–Main has not sufficiently established a basis for the attorney's fee it requests.

---

1. Section 303(i)(1) provides:
(i) If the court dismisses a petition under this section other than on consent of all of all [sic] petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—
(A) costs; or
(B) a reasonable attorney's fee; ....

## II.

C.C. Britain first argues that its timely appeal is "a jurisdictional event which divests the ... court of jurisdiction to hear and determine any and all matters related to the subject matter of that appeal." *C.C. Britain's Supplemental Memorandum of Law* at 10. C.C. Britain cites numerous authorities in support of this proposition.[2] The court finds that these cases do not support C.C. Britain's claim that its appeal of the dismissal order denies this court jurisdiction to consider Allen–Main's motion.

Six of the cited cases hold that the bankruptcy court lacked jurisdiction to modify or interfere with an order that has been appealed or to decide an issue that is identical to one appealed. In contrast, four of the cited cases hold that the bankruptcy court possessed jurisdiction over an issue related to the one on appeal when the challenged action implemented or enforced the appealed order or judgment or involved issues different from those before the appellate court. *See Dicola v. Am. Steamship Owners Mut. Protection and Indem. Assoc. (In re Prudential Lines, Inc.),* 170 B.R. 222, 245 (S.D.N.Y.1994), *appeal dismissed,* 59 F.3d 327 [33 C.B.C.2d 1174] (2d Cir.1995) (holding that the bankruptcy court had jurisdiction to order an insurer to comply with the court's ruling determining insurance coverage for asbestos claimants and with the order implementing the ruling, even though the insurer had appealed the ruling and order, because the bankruptcy court, in ordering compliance, "simply enforced [its] decision and accompanying Order and Judgment, which had not been stayed pending this appeal ... and did not frustrate or moot the appeal or have any other impact on the

appeal."). *See also In re Strawberry Square Assocs.,* 152 B.R. 699, 702–03 (Bankr.E.D.N.Y.1993) (concluding that the bankruptcy court could consider a creditor's omnibus motion related to its proposed chapter 11 plan, which provided for the debtor to surrender a shopping center to the creditor, even though the debtor had been granted a stay pending appeal of the bankruptcy court's order granting the creditor relief from the automatic stay so that it could foreclose on the shopping center, because, *inter alia,* the issues involved in considering the plan were different from the issues involved in the debtor's appeal of the stay motion and consideration of the plan would not circumvent the appellate court's authority); *In re Emergency Beacon Corp.,* 58 B.R. 399, 402–03 (Bankr.S.D.N.Y.1986) (holding that the bankruptcy court could consider a creditor's motion to dismiss the debtor's Chapter XI petition under the former Bankruptcy Act, although the court had denied the creditor's previous motion to dismiss the petition and the creditor had appealed the denial, because the second motion sought dismissal for additional reasons and the issues raised were different than those on appeal); *In re Hardy,* 30 B.R. 109, 111 (Bankr.S.D.Ohio 1983) (determining that, although the debtor had appealed from an order sustaining a creditor's objection to confirmation of the debtor's chapter 13 plan, the bankruptcy court had jurisdiction to consider the creditor's motion to terminate or modify the automatic stay because the motion did not affect the question before the appellate court).

■ [1] In considering Allen–Main's motion for costs and a reasonable attorney's fee, this court is not interfering with the order on appeal but is implementing

---

2. C.C. Britain cites the following authorities for this statement: *In re Bohack Corp.,* 607 F.2d 258 (2d Cir.1979); *In re Bialac,* 694 F.2d 625, 627 [7 C.B.C.2d 899] (9th Cir.1982); *In re Prudential Lines, Inc.,* 170 B.R. 222, 243 (S.D.N.Y.1994); *In re Neuman,* 67 B.R. 99, 101 (S.D.N.Y.1986); *In re Strawberry Square Associates,* 152 B.R. 699, 701 (Bankr.E.D.N.Y.

1993); *In re Overmyer,* 136 B.R. 374, 375 (Bankr.S.D.N.Y.1992); *In re Wonder Corp.,* 81 B.R. 221, 224 (Bankr.D.Conn.1988); *In re Kendrick Equipment Corp.,* 60 B.R. 356, 358 (Bankr.W.D.Va.1986); *In re Emergency Beacon Corp.,* 58 B.R. 399, 402 (Bankr.S.D.N.Y. 1986); *In re Hardy,* 30 B.R. 109, 111 (Bankr. S.D.Ohio 1983).

the dismissal order. The issue involved in the appeal of the dismissal order is completely different from the request for a reasonable attorney's fee and costs. C.C. Britain has chosen not to move, under Fed. R. Bankr.P. 8007, for a stay of the dismissal order. The dismissal order, accordingly, is in full force and effect and permits Allen–Main to assert its rights under § 303(i)(1). *See N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir.1987) ("The district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." (citations omitted)).

The court concludes that it has jurisdiction to consider Allen–Main's motion and to enter a judgment for costs and a reasonable attorney's fee.

### III.

Howard L. Siegel, Esq. ("Siegel"), Allen–Main's attorney, was the sole witness at the hearing. He testified that he is a senior partner of the 130–member law firm of Brown, Rudnick, Freed & Gesmer ("Brown Rudnick"), and that the fees and costs sought had been billed to Allen–Main, but not yet paid. Exhibit A attached to Allen–Main's motion for judgment itemizes 71.1 hours of services that Siegel averred were spent in connection with defending the involuntary petition. Exhibit A, in addition to itemizing Siegel's time, also discloses time spent by G.B. Cosini ("Cosini"), a second-year associate at the law firm. Siegel testified that for this client Brown Rudnick billed his time at $288.75 per hour and Cosini's time at an hourly rate of $122.50. Of the total hours, Exhibit A attributes 30.5 hours to Cosini and 40.6 hours to Siegel.[3] Brief writing and brief review accounted for at least 40 hours. This figure is an estimate because Exhibit A combined several activities without specifying how much time was spent on each activity.

Siegel acknowledged that Allen–Main's principal had insisted that Siegel remain actively involved with the litigation. The court interprets this acknowledgement to mean that, pursuant to Allen–Main's wishes, Siegel did not delegate some time that he might otherwise have delegated to attorneys with lower hourly billing rates.

### IV.

 [2] The court concludes that a reasonable attorney's fee due Allen–Main is $12,154.10, based upon a 20 percent reduction of the requested fee. The reduction is based on the insufficient detail for each hour claimed and the excessive use of senior partner hourly rates in research. C.C. Britain makes no objection to the costs Siegel itemized, and the court finds that Allen–Main is entitled to $1,166.46 in costs.

A judgment will enter in favor of Allen–Main and against C.C. Britain in the total amount of $13,320.56. It is

*So Ordered.*

---

3. Arithmetically, the hourly rate times the hours shown on Exhibit A total $15,459.50.

The amount billed was $15,192.63. No explanation of the difference has been proffered.