In re SECTION 20 LAND GROUP, LTD., Eagle Develop. of S.W. Florida, Inc., Twin Eagles Dev. Co., Inc., Twin Eagles Golf & C.C., Inc., V.V.V. Holdings Company, Inc., Twin Eagles Land Group I, LLC, Debtors.

Florida Wildlife Federation, Collier County Audubon Society, James L. Swigert, Lucinda Kidd Hackney, Roger Dykstra, Ann Dukett and Roberta Wooseter, Plaintiffs,

v.

Collier County, Florida, Twineagles Land Group I, Twineagles Management, Ltd., and Twineagles Development, Inc., Defendants.

Bankruptcy Nos. 99–14697–9P1, 99–14703–9P1, 99–14699–9P1, 99–14705–9P1, 99–14702–9P1, 99–14709–9P1. Adversary No. 99–646.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Aug. 4, 2000.

See also 252 B.R. 819.

Robert Diffenderfer, W. Palm Beach, Steven M. Berman, Tampa, FL, for Debtors.

Jordi Guso, Miami, FL, for Textron.

Thomas W. Reese, St. Petersburg, Richard Grosso–Shepard, Ft. Lauderdale, Mary Kogut Equels/Frank Terzo, Miami, FL, for Plaintiffs.

Michael W. Pettit, Naples, FL, for Collier Co.

## ORDER ON DEFENDANTS, COLLIER COUNTY, FLORIDA, TWINEAGLES LAND GROUP I, LLC, TWINEAGLES MANAGEMENT, LTD., TWINEAGLES DEVELOPMENT, INC. AND TEXTRON FINANCIAL CORPORATION, MOTION FOR COSTS AND FEES PURSUANT TO SECTION 163.3215(6), FLORIDA STATUTES (DOC. NO. 106)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Motion for Costs and Fees Pursuant to Section 163.3215(6), Florida Statutes filed by Defendant, Collier County, Florida (Collier County), TwinEagles Land Group I, LLC (Land Group), TwinEagles Management, Ltd., TwinEagles Development, Inc. and Textron Financial Corporation (Textron). Defendants seek an award of fees and costs against Plaintiffs, Florida Wildlife Federation (Wildlife), Collier County Audubon Society (Audubon), James L. Swigert (Swigert), Lucinda Kidd Hackney (Hackney), Roger Dykstra, Ann Dukett, and Roberta Wooster, attorneys, Thomas Reese and Richard Grosso (together "Plaintiffs' Counsel"), and Nova Southeastern University, Inc., d/b/a the Environmental Law and Land Use Law Center (Nova). Subsequently, Collier County filed a Notice of Withdrawal, with-

drawing its participation in the Motion. Similarly, Textron filed a Notice of Withdrawal of its Motion to the extent Textron sought fees and costs against Plaintiffs' Counsel and Nova. However, Textron is still proceeding against the Plaintiffs. Thus, by this Motion TwinEagles is still seeking sanctions against the Plaintiffs, Plaintiffs' counsel and Nova. Textron is still seeking sanctions against the Plaintiffs. Collier County is not seeking sanctions at all. In response to the Motion, Plaintiffs and Plaintiffs' Counsel filed an Objection and Motion to Strike and Dismiss. The Court reviewed the Motion and the record, heard argument of counsel and now finds and concludes as follows:

TwinEagles and its affiliates own various interests in approximately one thousand three hundred seventy four acres land located in Collier County, Florida (Property). TwinEagles sought and obtained approval of a site plan for the development of Phase One of the Property, to construct a championship golf course surrounded by sixty-seven residential units. The site plan was approved by the County pursuant to Ordinance 98–17, as adopted by the Board of County Commissioners of Collier County (Board) on March 10, 1998. On August 4, 1998, the Board approved the final plat.

In October 1998, Plaintiffs filed a verified Complaint in the Circuit Court in and for Collier County, Florida (Circuit Court), Case No. 98–3694–CA, against Defendant, Collier County (State Court Action), seeking to vacate and void the final plat of the Property approved by the County on August 4, 1998. The Complaint alleged a cause of action under Fla. Stat. § 163.3215, which authorizes adversely affected persons to file suit in the Circuit Court challenging local government development orders which are inconsistent with comprehensive land use plans adopted pursuant to Chapter 163, Part II, Florida Statutes. Hackney filed a Notice of Voluntary Dismissal of her Complaint without prejudice on August 28, 1999.

On December 4, 1998, Land Group, by TwinEagles Management Ltd., a Florida limited partnership, as its sole manager, by Twin Eagles Development, Inc., a Florida corporation, as its general partner (collectively "TwinEagles") filed a Petition for Leave to Intervene in the State Court Action. In January 1999, TwinEagles filed a Consent to Intervention with the Circuit Court. The Consent, signed by Plaintiffs' counsel, Thomas W. Reese, and TwinEagles' former state court counsel states,

> Intervenor, TwinEagles, advises this Court that Plaintiffs, through the signature of their counsel, below, consent to entry of the attached Order Permitting Intervention which would permit intervention by TwinEagles in this matter **provided that TwinEagles bears its own costs and attorney fees,**

See Adversary Proceeding Doc. No. 5.

The Circuit Court entered an Order on February 10, 1999 authorizing TwinEagles to intervene.

On September 9, 1999, Land Group, along with related entities, Section 20 Land Group, Ltd., Eagle Dev. Co. of S.W. Fla., Inc., TwinEagles Development Co., Ltd., TwinEagles Golf & Country Club, Inc. and V.V.V. Holdings Company, Inc., filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. Related entity, Talon Land Group, Ltd., filed its Petition on October 19, 1999.

On September 29, 1999, the Debtors filed a Notice of Removal, pursuant to Fed.R.Bankr.Pro. 9027, removing the State Court Action to the United States District Court for the Middle District of Florida. Pursuant to the Order Authorizing Intervention, TwinEagles proceeded as intervening defendants in this adversary proceeding. Subsequent to the removal of the State Court Action, Textron filed a Motion to Intervene. Although the record does not reflect that Textron's Motion to Intervene was ever heard and no order was ever entered authorizing Textron to intervene, Textron did file an Answer and

Affirmative Defenses on November 10, 1999.

After a final evidentiary hearing, on December 21, 1999, this Court entered its Findings of Fact and Conclusions of Law and, on December 23, 1999, entered its Final Judgment. The Court found that Wildlife and Audubon lacked standing to challenge Ordinance 98–17 and the approval of the site plan; that Swigert failed to present any evidence that the development of the Property according to the final plat would negatively impact his property value; that the Complaint was untimely filed under Fla. Stat. § 163.3215; and that neither the site plan or the plat is inconsistent with the Collier County Comprehensive Land Use Plan. The Findings of Fact and Conclusions of Law and the Final Judgment are presently on appeal to the District Court.

TwinEagles and Textron contend that Plaintiffs and Plaintiffs' counsel violated Section 163.3215 by signing the Complaint, thus certifying that they performed a reasonable inquiry into the facts underlying the allegations and that the case was not interposed for any improper purpose. They contend that Plaintiffs performed no inquiries concerning the nature and substance of the allegations prior to signing the Complaint other than speaking with each other or their lawyers. In particular, they contend that no inquiry was made regarding whether the Plaintiffs each had standing to bring the Complaint. As a result, TwinEagles and Textron seek the imposition of sanctions in the form of attorney's fees and costs incurred in the defense of this adversary proceeding.

Plaintiffs and Plaintiffs' Counsel have raised several arguments in opposition to the instant Motion. First, they argue that this Court lacks jurisdiction to consider the Motion due to the pendency of the appeal before the District Court. Second, they argue that pursuant to Fed.R.Bankr. Pro. 7008 and Local Rule 7054–1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, Movants failed to preserve their request for attorney's fees and, in any event, untimely filed the Motion long after the deadline of fourteen days after the entry of the Final Judgment. Third, they argue that TwinEagles expressly waived its claim for fees and costs in return for Plaintiffs' consent to TwinEagles' intervening in the State Court Action. Finally, they argue that the Statute is restricted to the imposition of sanctions against signors of the Complaint and not to non-signors or law firms.

Nova filed a Notice of Special Limited Appearance, stating that it is not doing business as the Environmental Law and Land Use Law Center. Rather, Nova is an accredited Florida not-for-profit institution of higher education that owns and operates the Sheppard Broad Law Center, a fully accredited ABA Law School. The Sheppard Broad Law Center provides space for the separate and distinct entity, the Environmental Law and Land Use Center, Inc. (ELLUC) Attorney Richard Grosso is the registered agent for and operates the ELLUC.

### Whether the Appeal of This Court's Findings of Fact and Conclusions of Law and Final Judgment Divested This Court of Jurisdiction to Consider the Instant Motion?

An appeal divests the lower court of jurisdiction regarding those issues on appeal. *In re Strawberry Square Associates,* 152 B.R. 699, 701 (Bankr. E.D.N.Y.1993) (citations omitted). Also, the bankruptcy court may not exercise jurisdiction over those issues which, although not themselves on appeal, nevertheless so impact those on appeal as to effectively circumvent the appeal process. *Id.* Nonetheless, the bankruptcy court possesses jurisdiction over an issue related to the one on appeal when the challenged action implements or enforces the appealed order or judgment or involves issues different from those before the appellate court. *See In re Allen–Main Associates,*

*Ltd. Partnership,* 243 B.R. 606, 608 (D.Conn.1998).

■ The issues presented by the Motion relate to the propriety of awarding fees and costs under Fla. Stat. § 163.3215. This Court concludes that it has jurisdiction to consider the Motion because doing so will not circumvent the authority of the District Court. *See Allen–Main Associates, Id.* (Bankruptcy court had jurisdiction to consider alleged debtor's motion for costs and fees although order dismissing involuntary petition was appealed).

### Whether TwinEagles Waived Its Right To Sanctions Under Fla. Stat. § 163.3215?

■ In return for obtaining the Plaintiffs' consent to TwinEagles intervening in the State Court Action, TwinEagles agreed that it would bear its own attorney's fees and costs. Since the litigation in which TwinEagles sought to intervene was based upon Fla. Stat. § 163.3215, it may be inferred that TwinEagles, represented by counsel, was aware that the Statute contained the provision for Defendants to seek and obtain sanctions. It is clear to this Court that TwinEagles intentionally and voluntarily relinquished its right to claim attorney's fees under Fla. Stat. § 163.3215. TwinEagles relinquished this right for the specific purpose of obtaining Plaintiffs' consent to TwinEagles' Petition to Intervene in the State Court Action. Thus, TwinEagles waived any claim it may have to sanctions under the Statute, *see In re South Motor Co. of Dade County,* 161 B.R. 532 (Bankr.S.D.Fla. 1993), and TwinEagles is not entitled to an award of sanctions. This leaves for consideration Textron's request for fees and costs against only the Plaintiffs.

### Whether the Motion is Untimely?

■■ Federal Rule of Bankruptcy Procedure 7008(b) clearly states, "A request for an award of attorney's fees shall be pleaded as a claim in a[n] ... answer ... as may be appropriate." Textron's An-

swer and Affirmative Defenses includes a request for court costs. See Adv. Pro. Doc. No. 16. Thus, Textron did preserve its claim for attorney's fees and Plaintiffs' argument is without merit. Although Textron properly preserved its ability to request sanctions, it failed to file its motion in a timely manner.

Local Rule 7054–1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida states,

> In accordance with F.R.B.P. 7054, all claims for taxable costs or attorney's fees ... in adversary proceedings that are preserved by appropriate pleading ... shall be ... filed not later than fourteen (14) days following entry of judgment. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

The instant Motion was not filed until May 22, 2000, five months after the Final Judgment was entered. This Court is satisfied that the Motion is untimely and should be denied.

### Whether Sanctions Would Otherwise Be Appropriate Under Fla. Stat. § 163.3215(b)?

■ Although this Court finds that the Motion is untimely, the Court finds it appropriate to address the merits of the Motion. Section 163.3215(6), Florida Statutes provides in pertinent part,

> The signature of an attorney or party constitutes a certificate that he or she has read the pleading, motion, or other paper and that, to the best of his or her knowledge, information, and belief formed after reasonable inquiry, it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or for economic advantage, competitive reasons or frivolous purposes or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of these requirements, the court, upon motion or

its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The language of Section 163.3215(b), Florida Statutes, is substantially similar to former Section 120.57(1)(b)(5), Florida Statutes, and to Rule 11 of the Federal Rule of Civil Procedure. Thus, the case law construing Section 120.57(1)(b)(5) and Rule 11 are useful in applying Section 163.3215(b). *Mercedes Lighting and Elec. Supply, Inc. v. State,* 560 So.2d 272, 277 (Fla. 1st DCA 1990)

■■■ Fed.R.Civ.Pro. 11 imposes an objective standard of reasonable inquiry on attorneys and represented parties who sign pleadings, motions or other papers. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Similarly, an objective standard of reasonable inquiry is applied under Fla. Stat. § 120.57(1)(b)(5). See *Friends of Nassau County, Inc. v. Nassau County,* 752 So.2d 42, 50 (Fla. 1st DCA 2000). "The use of an objective standard creates a requirement to make reasonable inquiry regarding pertinent facts and applicable law. In the absence of 'direct evidence of the party's and counsel's state of mind, we must examine the circumstantial evidence at hand and ask, objectively, whether an ordinary person standing in the party's or counsel's shoes would have prosecuted the claim' " *Id.* at 51, quoting *Procacci Commercial Realty, Inc. v. Dept. of Health and Rehabilitative Services,* 690 So.2d 603, 608 n. 9 (Fla. 1st DCA 1997), quoting *Pelletier v. Zweifel,* 921 F.2d 1465, 1515 (11th Cir. 1991). If a reasonably clear legal justification can be shown for the filing of the paper in question, improper purpose cannot be found and sanctions are inappropriate. *Mercedes Lighting, supra* at 277,

quoting Schwarzer, "Sanctions Under the New Federal Rule 11—A Closer Look," 104 F.R.D. 181, 195–197 (1985).

Textron argues that the Plaintiffs signed and filed the State Court Action for an improper purpose, although the improper purpose was never quite articulated. Textron argues that the Plaintiffs failed to conduct a reasonable inquiry regarding the pertinent facts and applicable law prior to signing the Complaint.

■■■ Although this Court found that the Complaint was barred by Fla. Stat. § 163.3215, the suit was not devoid of merit. Plaintiffs raised the justiciable issue of whether Ordinance No. 98–17 fell within the scope of the term "development order" for purposes of determining the time period within with to file their Complaint. Plaintiffs presented reasonable legal arguments and facts in support of their position. Further, at the time of the filing of the Complaint, Plaintiffs could not know whether Collier County would even raise the statute of limitations as a defense. Under these circumstances, sanctions are inappropriate. *See Shahan v. Listle,* 703 So.2d 1090, 1091 (Fla. 2nd DCA 1997). The Plaintiffs also presented reasonable legal arguments and facts in support of their positions that the site plan and plat were inconsistent with the Collier County Comprehensive Land Use Plan and that they had standing under Fla. Stat. § 163.3215. This Court was presented with competent and substantial evidence on both sides of the issues. In fact, due to the existence of genuine issues of material fact, the matter could not be disposed of by summary judgment. This Court finds that an ordinary person standing in Plaintiffs' shoes might very well have prosecuted the claim. The fact that this Court chose to adopt the Defendants' position over that of the Plaintiffs should not be the basis for sanctions. *See Mercedes, supra* at 279.

Accordingly, it is

ORDERED, ADJUDGED AND DE-
CREED that the Motion for Costs and
Fees Pursuant to Section 163.3215(6),
Florida Statutes, be, and the same is here-
by denied.